Josiah R. Bosworth, plaintiff in error, vs. John W. Davis, defendant in mortgage fi. fa., and Nevitt, Lathrop & Stebbins, claimants, and defendants in error.

The Clerk of the Superior Court alone of the county in which a deed is attested, and in which it must be recorded, can by his official attestation, with one or more other witnesses, give it such authenticity as to admit it to record.

Claim, from Fulton Superior Court. Tried before Judge Bull, at April Term, 1858.

Davis the defendant in *fi. fa.,* executed to Bosworth, a mortgage on a certain lot in the city of Atlanta, to secure the

payment of a certain promissory note. The mortgage bears date, the 15th November, 1853, and was signed, sealed and delivered by said Davis, " in the presence of A. E. Johnson, S. J. Shackleford, *William J. Russell, Clerk Superior Court, of Fayette county."* The lot of land was situated in that part of DeKalb county, afterwards cut off into the county of Fulton. The mortgage, without proof by any of the subscribing witnesses, or any further probate or acknowledgement, was recorded in the Clerk's office of DeKalb county, 9th February, 1854.

This mortgage was foreclosed and *fi. fa.* issued, 28th April, 1855, and levied upon the mortgaged property, when Nevitt, Lathrop & Stebbins, interposed their claim to the same. Issue was joined and the case transferred to the appeal by consent.

Upon the trial, plaintiff in *fi. fa.* offered in evidence the mortgage deed. Counsel for claimants objected to its introduction, upon the ground that it " was not proven or attested in such manner as to authorize the recording of the same," it having been attested by the Clerk of the Superior Court of Fayette county, and recorded in the county of DeKalb, in which county the property was situated at the time. The Court sustained the objection and repelled the deed, and counsel for plaintiff excepted.

Ezzard & Collier, for plaintiff in error.

A. W. Hammond & Son, *contra*.

*By the Court.*—McDonald, J. delivering the opinion.

This record presents but a single question, viz: Is the attestation of a mortgage of land by a Clerk of the Superior Court of a county other than the county in which the land lies, and in which it must be recorded sufficient to admit it to record without other proof. The object of the acts giving authority to the Clerks of the several Superior Courts of this

State to attest or take the probate of deeds, bills of sale or other conveyances of real or personal property, so as to admit them to record, was no doubt, the accommodation of persons wishing to execute or prove deeds, for the purpose of putting them on record. It was not always convenient to find a magistrate or other judicial officer, before whom the deed could be proven, or the conveyance attested, and the clerk in whose office the law required it to be recorded was always at hand, and we have no doubt that such probate or attestation can be made before the clerk alone, whose duty it is, to record the deed, if there had been no other act than that of January, 1850. *Cobb* 181. But the Act of the 14th February afterwards, is pretty plain on this subject. It declares that the clerks of the Superior Courts shall administer to any witness or witnesses to a deed, conveyance, or other paper *entrusted* for record, &c. *Cobb* 180. By the Act of 1854, a deed may be attested, so as to be admitted to record, by two witnesses, one of whom shall be the Ordinary, Clerk of the Inferior Court, Sheriff, deputy Sheriff, &c. &c., of the county in which the instrument is executed or acknowledged.

We think that the Clerk of the Superior Court alone, of the county in which a deed is attested, and in which it must be recorded, can, by his official attestation with one or more other witnesses, give it such authority as to admit it to record.

Judgment affirmed.