[No. 3796.]

## THE PEOPLE v. GEORGE.

1. CITIES AND TOWNS—PRACTICE.

Defects in the incorporation of a town or omissions and irregularities in the adoption of ordinances cannot be raised in the light of the record of this case.

2. SAME—ACTIONS FOR VIOLATING ORDINANCE—TITLE OF CASE.

Our statutes regulating the procedure before police magistrates in cities of the first and second class, and providing that actions to recover fines and to enforce penalties for violation of ordinances must be brought in the corporate name, do not apply to incorporated towns. Actions for violation of ordinances of incorporated towns must be brought in the name of the people of the state of Colorado.

*Error to the County Court of Washington County.*

Mr. FRANK I. WILLSEA, for the people.

No appearance for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This is a writ of error to the county court of Washington county. Upon a trial, before the court and jury, under a complaint and information filed in the police magistrate's court of the incorporated town of Akron properly charging the defendant George with the violation of its liquor ordinance, he was found guilty and sentenced to pay a fine from which an appeal was taken to the county court. In the latter court defendant filed a motion, supported by affidavit, to dismiss the action and for his discharge from custody upon three general grounds: first, defects in incorporating the town of Akron, rendering its corporate existence illegal because of a failure on the part of the incorporators to comply with cer-

tain preliminary statutory conditions ; second, omissions and irregularities in the passage of the ordinance by the board of trustees of the town, and informalities upon the part of the mayor in approving the same ; third, the action was instituted in the name of the people of the state of Colorado instead of in the corporate name of the municipal corporation. ·

The affidavit was confined to the matters embraced within the first two grounds, and was the only bit of evidence in support of the motion.    The question of evidence, however, is not important, for the county court disregarded all of the objections except the third and, because of the supposed error in the name of the plaintiff, dismissed the action and discharged the defendant from custody, taxing the costs to the town of Akron.

It is clear that the first two objections could not be interposed in this action,—certainly in the light of this record.    It is not easy to understand the action of the county court from a legal standpoint.    It made certain findings of fact, among which was one that the action was commenced before the police magistrate of the *incorporated town* of Akron, Colorado.    It further found that the *city* of Akron is an incorporated city, having a population of less than 25,000, and upon these repugnant findings entered the order of dismissal. There is not a particle of evidence for the latter finding.

That the order of dismissal was a palpable error appears from the statutes on the subject.    At its first session our general assembly enacted that : " All actions brought to recover any fine or to enforce any penalty under any ordinance of any city or town, shall be brought in the name of the people of the state of Colorado as plaintiff."    Gen. Stats. 1883, sec. 3315 ;  Mills' Ann. Stats. sec. 4433.

In 1885, two separate police magistrate acts were passed, the first approved March 18, and applying to all cities of the state containing a population of 25,000 or more ;  the other approved April 9, applicable to all cities having a population of less than 25,000.    A complete procedure was therein pro-

vided.   See Session Laws, 1885, pp. 287, 290 ; 2 Mills' Ann.
Stats. secs. 3500, 3516.   Under each statute an action to re-
cover any fine, or to enforce any penalty under an ordinance
must be brought in the corporate name of the city in which
the court is situate.

We infer from its opinion certified up, that it was upon
the assumption, miscalled a finding, that the town of Akron
was a *city* having a population of less than 25,000, that
the county court based its decision that this action was not
brought in the name of the proper party plaintiff.   Municipal
corporations in this state are divided into three classes :  first,
cities of the first class ; second, cities of the second class, and
third, incorporated towns.   Gen. Stats. 1883, sec. 3361 : Mills'
Ann. Stats. sec. 4482.   The foregoing acts of 1885 are appli-
cable only, the one to cities of the first class, the other to cities
of the second class, and in no wise relate to, or concern incor-
porated towns.   At the same session of the legislature (Ses-
sion Laws, 1885, 372; 2 Mills' Ann. Stats. sec. 4438), there
was an amendment to the municipal corporation act relating
to the jurisdiction of police magistrates and justices of the
peace but no change was made in the provisions of the statute
above referred to which require actions to enforce the ordi-
nances of an incorporated town to be brought in the name of
the people of the state of Colorado.

That Akron has a population of less than 25,000 is un-
questionably true ; but there is no support whatever in this
record for the alleged finding of the county court that Akron
was a *city* of either the first or second class.   On the contrary,
the court itself specifically found that the action was begun
before the police magistrate of the *incorporated town* of Akron,
and, in dismissing the action, was careful to tax the costs to
the *town* of Akron.   If the county court was permitted to
go outside the record, it must have known that Akron, the
county seat of the county in which the court was sitting,
was not a city of either class, but an incorporated town.   It
was not necessary, however, for the court to draw upon its
fund of judicial knowledge because the complaint itself, on

which the action was founded, sets forth that it was for a violation of an ordinance of the *town* of Akron that the defendant was summoned to answer, and its record, as well as that of the police magistrate, shows conclusively that the municipality in question was an incorporated town. That being so, the action was properly brought in the name of the people of the state of Colorado as plaintiff.

The judgment of the county court should be reversed and the cause remanded, and it is so ordered.

*Reversed.*