## ANDERSON & CONLEY *v.* LEVERETTE.

1.  A conditional bill of sale may be executed before and attested by a clerk of a superior court in the county wherein he holds his office, and may thereupon be properly recorded in any other county wherein the vendee resides at the time of its execution.    When so recorded, such bill of sale is admissible in evidence under the same rules as govern the admission of registered mortgages.
2.  A bill of sale for a designated mare, which was then in foal but not so described, provided that title to the mare should remain in the vendor till the payment of the purchase-price ; the instrument was properly executed and recorded ; the vendee sold the mare's colt, when a few days old, to one who had no actual notice of the title of the vendor of the mare.    *Held*, that, until the purchase-money of the mare was fully paid, the purchaser of the colt did not acquire title thereto as against the vendor of the mare.

Argued November 22,—Decided December 11, 1902.

Trover.    Before Judge Holden.    Jasper superior court.    March 24, 1902.

*W. S. Florence*, for plaintiffs.    *J. D. Kilpatrick*, for defendant.

FISH, J.    On January 21, 1898, Anderson & Conley executed to Lee Cornwell a bill of sale for a certain mare therein described as " one black mare nine years old, known as the Mayfield Owens mare," it being stipulated in the bill of sale that the title to the mare was retained in Anderson & Conley until the purchase-price, $65, should be fully paid.    The instrument was executed in the presence of and attested by the clerk of the superior court of Newton county, and on January 25, 1898, was recorded in Jasper

county, where Cornwell resided and where he had possession of
the mare, by the clerk of the superior court of the latter county.
The mare was heavy with foal at the time of the execution and rec-
ord of the bill of sale, though not so described therein.　Within a
few days after she dropped the colt, Cornwell sold the colt to Mrs.
Em. Leverette, who, at the time, had no actual notice that Ander-
son & Conley had title to the mare.　On November 15, 1899,
Cornwell returned the mare to Anderson & Conley, and they en-
tered a credit on the bill of sale of $35.　The balance of the pur-
chase-money not having been paid, Anderson & Conley brought an
action of trover against Mrs. Leverette for the colt.　Upon the
trial the plaintiffs elected to take a money verdict, and the value
of the colt was shown to be seventy or seventy-five dollars.　The
plaintiffs offered to put in evidence the conditional bill of sale, but,
upon objection by the defendant, it was excluded, because "the
same had not been proven by the subscribing witness; and because
it was not properly attested so as to admit it to record, in that the
clerk of the superior court of Newton county had no authority to
attest a conditional sale contract for record in Jasper county."
The court thereupon directed a verdict for the defendant.　Plain-
tiffs sued out a bill of exceptions, assigning error upon the ruling
of the court in sustaining the objection to the admissibility in evi-
dence of the bill of sale, and upon the direction of the verdict.

1. Written contracts of the sale of personal property, stipulating
that the title thereto is to remain in the vendor until the purchase-
price thereof shall have been paid, "shall be executed and attested
in the same manner as mortgages on personalty."　Civil Code,
§ 2776.　A mortgage on personal property "must be executed in the
presence of, and attested by, or proved before, a notary public or
justice of any court in this State, or a clerk of the superior court,
. . and recorded."　Ib. § 2724.　A mortgage on personalty must
be recorded in the county where the mortgagor resided at the time
of its execution, if a resident of this State; or where the property
is located in some county other than that of the mortgagor's resi-
dence, then it shall be recorded in the county where the property
is located at the time of the execution of the mortgage, in addi-
tion to being recorded in the county of the mortgagor's residence.
Ib. § 2726.　The bill of sale in the present case, having been exe-
cuted in the presence of and attested by the clerk of the superior

court of Newton county, we are very clear that, under the provisions of the code above cited, it was properly recorded by the clerk of the superior court of Jasper county, where the vendee resided at the time of the execution of the bill of sale.    Counsel for the defendant in error contends that, under the ruling made in *Bosworth* v. *Davis*, 26 *Ga.* 406, a clerk of the superior court of one county can not attest a mortgage so as to authorize its record in another county, and as the law relating to the registry of bills of sale is the same as that for the recording of mortgages, the bill of sale in the present case was not properly recorded.    In the case just cited the question was whether the attestation of a mortgage of land by a clerk of the superior court of a county other than the county in which the land lay, and in which the mortgage should be recorded, was sufficient to admit it to record, without further proof.    The court held that it was not.    The ruling was based upon the act of February 14, 1850 (Cobb, 180), which declared: ' "It shall and may be lawful for the clerks of the superior courts to administer to any witness or witnesses to a deed, conveyance, or other paper intrusted for record, the usual oath or affidavit heretofore administered by a judicial officer or a notary public, in making probate of the same to admit said papers to record." This act, however, was changed by the provisions of our first code, which went into effect in January, 1863 (see § 2668), which declared that, in order to authorize the record of a deed to realty or personalty, if executed in this State, "it must be attested by a judge of a court of record of this State, or a justice of the peace, or notary public, or clerk of the superior court in the county in which the three last mentioned officers, respectively, hold their appointments," etc.    Our present Civil Code has a similar provision.  § 3620.  This language evidently means that a clerk of a superior court can attest a deed in the county wherein he holds his office, and not elsewhere, and certainly does not mean that he can only witness a deed when it is to be recorded in that county.    The provisions of the Civil Code, § 2724, relating to the execution and attestation of mortgages are even broader, as we have seen; for it is there declared that the attestation may be by "a clerk of the superior court," meaning, of course, any clerk of a superior court in this State.    "A registered deed shall be admitted in evidence in any court in this State without further proof, unless the maker of the deed, or one of his heirs,

or the opposite party in the cause, will file an affidavit that the said deed is a forgery, to the best of his knowledge and belief," etc. Civil Code, § 3628. " Mortgages, when duly executed and recorded, shall be admitted in evidence under the same rules as registered deeds." Ib. § 2728. " Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages." Ib. § 2777. It follows that the bill of sale in the present case, having been properly executed and recorded, was admissible in evidence, without other proof, in the absence of an attack upon it for forgery, and it was erroneous for the court to exclude the same.

2. The bill of sale, having been properly recorded, was constructive notice to Mrs. Leverette that title to the mare was in Anderson & Conley until the purchase-price for it should be fully paid. "The increase of all animals follow the condition of the mother and belong to the owner of the mother at the time of birth." Civil Code, § 3075. This was the rule of both the common and the civil law. 2 Bl. Com. 390. The title to the colt was, therefore, in Anderson & Conley. Did Mrs. Leverette, under the facts of the case, have notice of this title? We think she did. It is true that she had no actual knowledge that Anderson & Conley owned the colt, but, as already said, she had constructive notice that they owned the mare; and as the colt was only a few days old when she purchased it from Cornwell, and, of course, not weaned, it was connected with its mother for nurture, and the then existing relation between the mare and the colt was sufficient, at least, to put Mrs. Leverette upon inquiry, which, if followed up, would have disclosed that Anderson & Conley owned the colt. It has been frequently held in jurisdictions where, as at common law, the title to mortgaged property is in the mortgagee, that the increase of a female animal, which is under a mortgage, is covered by the mortgage, as against innocent third parties, during the period requisite for suitable nurture of such increase by the mother. 1 Cobbey, Chat. Mortg. §§ 366, 368. It follows from the foregoing that if the court had not excluded the conditional bill of sale from the evidence, the plaintiffs would have made out a case which would have entitled them to a verdict.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*