### 2515.   TUGGLE, adm'x, v. BANK OF CAVE SPRING.

Where one executes for his own benefit a promissory note, on which he secures money from the payee for himself, giving no indication that he is acting for another, and in fact acting solely for himself, and the payee deals with him as principal, under the impression that the name signed to the note is in fact the name of the party for whose benefit it is made and the money advanced, the note is the individual contract of the one who makes it, although he may sign to it a fictitious name or the name of another person.   In such case it is not necessary for the payee or holder of the note to resort to equity to reform the contract,

but he can bring suit on the note, against the party who really made the contract.

DECIDED SEPTEMBER 28, 1910.

Complaint; from city court of Polk county—Judge Irwin, February 24, 1910.

*Mundy & Mundy,* for plaintiff in error.     *Bunn & Bunn,* contra.

HILL, C. J. The Bank of Cave Spring brought suit against the administratrix of W. R. Tuggle on two promissory notes, one for $25 and one for $100, each signed "H. B. Tuggle." The petition alleges, that W. R. Tuggle, the defendant's intestate, borrowed the money from the bank for his individual use and executed the notes to the bank for that purpose; that in making the notes W. R. Tuggle was not the agent for H. B. Tuggle, and in no wise represented H. B. Tuggle, although he used his name thereto, and that H. B. Tuggle had no interest in the money or in the execution of the notes, and had no knowledge of the transaction; that the bank did not know W. R. Tuggle by name; that he was introduced to the cashier of the bank as "Mr. Tuggle," and that he made the contract with the bank solely for his individual use; that he signed the name of H. B. Tuggle to both notes without any authority from H. B. Tuggle, and that the bank or its cashier thought that W. R. Tuggle was in fact H. B. Tuggle at the time. It is insisted that under these facts the two notes in question were the individual contracts of W. R. Tuggle, and not of H. B. Tuggle, and could have been enforced against W. R. Tuggle during his lifetime, and that after his death his estate was liable thereon. A general demurrer was filed, on the ground that the allegations set forth no cause of action against W. R. Tuggle, deceased, and therefore none against his administratrix, the defendant. The demurrer was overruled, and this is one of the errors assigned. The jury found a verdict for the plaintiff for the full amount of the suit,—principal, interest, and attorneys' fees; and the defendant's motion for a new trial was overruled.

The controlling question in the case, made both by the demurrer and the assignments of error in the motion for a new trial, is whether or not, under the facts alleged, and clearly proved as alleged, the administratrix of W. R. Tuggle was liable on the notes. We think that under the allegations which were conclusively proved by the evidence, there can be no doubt that the notes sued on were the individual contracts of W. R. Tuggle, and not of H. B. Tuggle.

There was no evidence whatever that in making these notes and in borrowing the money W. R. Tuggle acted as agent for H. B. Tuggle, or that H. B. Tuggle had any interest whatever in the execution of the notes or in the money borrowed thereon. When one executes a promissory note for the purpose of raising money thereon for his own individual benefit, and there is no indication whatever of any undisclosed principal for whom he is acting in the execution of the note, and the payee of the note deals with him as the principal maker of the note, under the belief that the name signed to the note is his individual name, the party who thus makes the note and secures the money thereon is liable on the note, although he may have signed to the note a fictitious name or the name of another person. It is a general principle of law that one in the transaction of business may use a purely artificial name, or assume the proper name of some other natural person, and the party who thus adopts a fictitious name or who uses the name of the other person will be held liable on the contracts, where the evidence clearly shows that the name is artificial, or that the name of the other person was used without his authority, and that only the party using it is interested in the transaction of the business and in the contract so made. As stated in 29 Cyc. 207, "without abandoning his real name, a person may adopt any name, style, or signature wholly different from his own name, by which he may transact business, execute contracts, issue negotiable paper, and sue and be sued." Pease *v.* Pease, 35 Conn. 131. See, also, cases cited in 36 Century Digest, 3208.

It is insisted by the plaintiff in error that a common-law suit could not be brought on the notes in question, but that it was necessary to go into a court of equity to have the notes reformed, and that the city court of Cedartown had no equitable jurisdiction for this purpose. We do not agree with this contention. It was not necessary to have these two contracts or notes reformed. Under the undisputed evidence the two notes are enforceable as the contracts of W. R. Tuggle, and the fact that he signed the name of H. B. Tuggle thereto is wholly immaterial. If he had signed any other name under the same facts, being himself exclusively interested in the contracts and the sole beneficiary of the money received on the contracts, he would be liable thereon. It would put the bank in this case to an unnecessary delay and expense to go into a

court of equity to seek a reformation of these contracts, because they are shown by the undisputed evidence to be the contracts of W. R. Tuggle, and not H. B. Tuggle.

It was objected that H. B. Tuggle was allowed to testify that he did not sign the notes or authorize W.·R. Tuggle to sign his name thereon; that he had no knowledge that the notes were executed; that he had never himself been to the bank at Cave Spring or made any loan·on notes at the bank, and that before his death W. R. Tuggle had admitted to him that he himself had secured on two notes, one for $25 and one for $100, money from the bank. It is insisted that as H. B. Tuggle was interested in the result of the litigation and W. R. Tuggle was deceased, he was incompetent to testify. Not only the allegations of the petition, but the undisputed evidence, negative any liability, in any event, of H. B. Tuggle on the notes, and, therefore, we do not think that he was an incompetent witness; for in no contingency did he have any interest in the result of the litigation, and he was not a party to the contracts sued on. But independently of this evidence, it is indisputably shown that W. R. Tuggle did execute the notes without the authority of H. B. Tuggle, without the knowledge of H. B. Tuggle, without an intimation of any agency for H. B. Tuggle, and solely for his own benefit, and he secured the money on the notes and used it exclusively in his own business. In other words, without regard to the testimony of H. B. Tuggle, the evidence as a whole demanded the verdict that was rendered; and even if any error of law was committed, it was wholly immaterial.

*Judgment affirmed.*