### 4941.  HALL v. STUDEBAKER CORPORATION OF AMERICA.

The plaintiff having made out a prima facie case by the introduction of evidence supporting the allegations in his petition, the court erred in granting a nonsuit.

DECIDED OCTOBER 28, 1913.

Action for breach of warranty; from city court of Macon—Judge Hodges.  March 24, 1913.

*Sibley & Sibley, A. L. Dasher,* for plaintiff
*Hatcher & Smith,* for defendant.

HILL, C. J.   Suit was brought in the city court of Macon against the Studebaker Corporation of America, for damages for an alleged breach of a contract of guaranty of an automobile.   Upon the trial, after the introduction of evidence by the plaintiff, a nonsuit was granted.   To this judgment he excepted.

The plaintiff's petition contained substantially the following allegations:   that the defendant was a non-resident corporation with an agent in Bibb county, Georgia, to wit, the firm of Willingham & Wheeler, composed of E. J. Willingham Jr. and J. C. Wheeler; that on June 24, 1911, plaintiff purchased of the defendant an automobile "known as an E. M. F. Roadster 30, and paid the full purchase-price therefor," and at the time of purchase the defendant executed to the plaintiff the following contract of guaranty: "The Studebaker Corporation, E. M. F. Factories, manufacturers of automobiles.   Certificate No. 6764, Motor No. 21447, Model E. M. F. 30.   Detroit, Michigan, U. S. A.   Guaranty: This is to certify that the Studebaker Corporation fully warrants and guarantees the automobile covered by this certificate for a period of one full year from the date of original sale by the dealer.   This guarantee includes all material and all equipment (tires excepted) used in connection with the construction of such automobile.   Tops and windshield not guaranteed unless bearing E. M. F. nameplate. If any part or parts of this car break or prove defective within one year from any cause whatsoever, and the customer shall forthwith communicate the fact to the Studebaker Corporation or one of its authorized dealers, giving the number of the car and the name of the dealer from whom the car was bought and the date of purchase, and if it shall appear that such breakage was not due to misuse, negligence, or accident, the Studebaker Corporation will furnish such new parts either at its branch house or its factory in Detroit, Mich., free of charge to the owner.   This guarantee does not apply either directly or indirectly to consequential damages of any nature whatsoever, or to the replacement of tires which are guaranteed by the manufacturers thereof.   The Studebaker Corporation, Walter E. Flanders, Third Vice-President.   Attest:   James E. Spencer, Assistant Sect."   It was alleged that within six months from the date of purchase, the said automobile proved defective in the following parts: radiator, gasoline tank, left front fender, and body; and that notice of these defects was given the defendant, in com-

pliance with the contract, but that the defendant failed and refused to comply with its agreement and make good the defects, to petitioner's damage.

The defendant in its answer admitted its non-residence, denied that it had an agent in the firm of Willingham & Wheeler, but averred that this firm were dealers in automobiles manufactured by the defendant, admitted the execution of the contract at the alleged date of sale, and admitted that notice under the contract was given by the plaintiff, and that the defendant failed and refused to replace the parts, but denied that the plaintiff had purchased the automobile from it, averring that if such purchase was made, it was from some firm, or dealer, or person other than the defendant. It denied liability.

The written contract set forth in the petition was introduced in evidence. On the back of it was the following endorsement: "The Studebaker Corporation. E. M. F. Factories, Manufacturers of Automobiles. Certificate of Guaranty. Certificate No. 6764. Model E-M-F 30. Car No. ———. Owner, Dr. T. M. Hall. Address, Milledgeville, Ga. Date of Sale, June 24th, 1911." The plaintiff introduced evidence in support of the material allegations of the petition. Counsel agree that the ground upon which the presiding judge based his judgment of nonsuit was that the plaintiff failed to show any privity of contract between himself and the defendant, in that the evidence showed that the plaintiff purchased the car from the R. H. McComb Auto Company, of Baldwin county, Georgia, which was at that time a subdealer of Willingham & Wheeler, who were in turn dealers in "E. M. F." automobiles in Bibb county, Georgia, and not agents of the defendant.

Conceding that privity of contract between the McComb Auto Company and the defendant was totally lacking, nevertheless, under the construction that we place on the contract, and in the light of the allegations in the petition and of the admissions in the defendant's answer, we think the court erred in granting a nonsuit. The execution of an instrument such as is involved in the present case means the doing of all such acts as are necessary to carry into effect its purpose. And in a suit upon such a contract, when the defendant admits the execution of the instrument, the remaining elements of the case to be established by the plaintiff are its breach and consequential damages. In such a case, unless the

defendant establishes some justification or excuse recognized by law, his liability is fixed. When, therefore, in the present case the defendant admitted the execution of the instrument, if, under the trial court's construction of the contract, this admission, together with the further admission in the answer that the notice required by the contract had been given (which notice was required to contain the number of the car, the name of the dealer from whom bought, and the date of the sale), did not carry with it the presumption that the sale was conducted through an authorized dealer or invoke the principle of ratification, and so dispense with proof of authority in the McComb Auto Company, we are clear that these admissions did establish directly a privity or contractual relationship between the plaintiff and the defendant, and left only the necessity of proof of a breach and damage, to authorize the submission of the case to the jury.

It is true, the plaintiff alleged in his petition that Willingham & Wheeler were agents of the defendant, but this allegation was merely for the purpose of showing the court's jurisdiction of the non-resident defendant, and when the defendant appeared and pleaded to the merits the allegation had completely served its purpose. Under the construction we place on the contract, the trial court having admitted evidence in support of the material allegations of the plaintiff's petition, the case should have been submitted to the jury's consideration, and the court erred in granting a nonsuit.                    *Judgment reversed.*

POTTLE, J., dissenting. The alleged contract of guaranty upon which the suit was brought did not on its face purport to have been made with the plaintiff. It was therefore essential to the plaintiff's case that he should have shown that the guaranty was delivered to him by some authorized agent of the corporation by whom it was executed. It appears that the defendant executed a written contract with Willingham & Wheeler, of Macon, Ga., constituting them agents to sell automobiles, and providing that these agents should appoint subdealers to handle the defendant's automobiles at various places within the territory covered by the contract. It was, however, expressly provided in the contract that all agreements made with subdealers should be on forms to be furnished by the defendant and upon terms satisfactory to it, and that no such agreement would be valid until the defendant had approved

it in writing. The evidence shows that the plaintiff purchased the automobile from the R. H. McComb Auto Company, of Baldwin county, but in the evidence there is nothing to show that the seller was the authorized agent of the defendant or that it had been appointed a subdealer by Willingham & Wheeler in the manner provided for in the contract between it and the defendant. It was essential to the plaintiff's case to prove either that the person from whom he purchased the machine was an authorized agent of the defendant or had been appointed a subdealer as provided in the contract with Willingham & Wheeler. Unless one or the other of these things appeared, the plaintiff was not entitled to recover on the contract of guaranty. *Smith* v. *Williams,* 117 *Ga.* 782 (45 S. E. 394, 97 Am. St. R. 220). The plaintiff's remedy was to proceed against the seller by an action for damages for a breach of an implied warranty, and the seller in turn might have its remedy over against the person from whom it received the machine. In the evidence introduced in behalf of the plaintiff no privity of contract was shown between him and the defendant, and the nonsuit was properly granted.