7431. BROCKETT *v.* AMERICAN SLICING MACHINE CO.

1. The recorded contract relied on as retaining title in the plaintiff until payment of the purchase-money for the property in question, signed "O. K. Cash Grocery," appearing to have been signed in the presence of a subscribing witness, who in his affidavit of probate stated that he saw it "duly signed and executed by O. K. Cash Grocery," and describing the property as an "American Slicing Machine and Sharpener," was properly admitted in evidence, over the objections that it did not appear to be signed by any person, firm, or corporation; that it was not witnessed according to law; that the description of the property was insufficient; and that the paper was not entitled to be recorded.

2. The court did not err in directing a verdict against the defendant for the amount sued for.

DECIDED OCTOBER 18, 1916.

Trover; from city court of Bainbridge—Judge Spooner. March 30, 1916.

*W. V. Custer,* for plaintiff in error. *W. O. Fleming,* contra.

BROYLES, J. 1. This was a suit in trover by the American Slicing Machine Company for a slicing machine sold by it to the O. K. Cash Grocery. Upon the trial the plaintiff elected to take a money verdict. The paper under which the plaintiff claimed title was a retention-of-title contract, and was admitted in evidence over the objections of the defendant. This contract was as follows:

Original Order.

February 9, 1914.

American Slicing Machine Company, Chicago, Ill.

Gentlemen: Please enter order for one American Slicing Machine, f. o. b. Indianapolis, Ind. The machine hereby ordered is purchased upon the following terms. Price $110.00 with an automatic sharpener, subject to a 5% discount if the amount is paid in cash within thirty days from date of shipment. The said machine or machine and sharpener shall be the property of the American Slicing Machine Company until fully paid for by the under-

signed. No verbal agreement can change or modify the conditions of this contract; the undersigned states that there is no verbal or written understanding or agreement different from or other than the printed conditions of this contract. The undersigned also states that no machine of any other make, nor any other article of trade or barter, is to be received by the American Slicing Machine Company in payment or part payment of the purchase-price of the American Slicing Machine and Sharpener herewith ordered. All payments must be made direct to the Chicago office. This machine is not purchased subject to trial. This order shall not be countermanded.

(Signed)   O. K. Cash Grocery.

Shipping address { City of Bainbridge,   State Georgia.
                 { Street and number   Water.

Salesman

Chas. F. Wise.

State of Georgia } ss
County of

Charles F. Wise, being duly sworn, deposes and says that he is the subscribing witness to the above contract, and that he did not execute the contract in the behalf of the vendor. Deponent further says that he saw the above contract duly signed and executed by O. K. Cash Grocery.

Chas. F. Wise, salesman.

Subscribed and sworn to before me this 27th day of February, 1914.

E. W. Wood, Notary Public. (Seal—N. P. Dougherty County, Georgia.)

Said paper recorded on the 11th day of March, 1914, in Mortgage Book 53, page 323, records of Decatur County, Georgia.

The objections to the admission of this contract in evidence were: that it did not appear to be signed by any person, firm, or corporation; that it was not witnessed according to law; that it failed to identify any particular machine; that the description in the paper was insufficient to put an innocent purchaser upon notice of the retention of title to the subject-matter thereof; that the paper was not entitled to record. There is no merit in the first of these objections. If the name " O. K. Cash Grocery" at the end

# 672 BROCKETT v. AMERICAN MACHINE CO. [18 Ga.

of the contract does not itself "appear to be signed by any person," the attestation shows that some person signed that name to the contract, for the purpose of executing it. Such a name, without the addition of the name of a person, can be employed as the trade name of a person or the firm name of a partnership, in signing contracts. 30 Cyc. 402, 419-20. From other evidence it appears that this name was in fact the name under which a person conducted his business. The plaintiff in error contends that the contract was not witnessed according to law, for the reason that the attesting witness, in his affidavit of acknowledgment before the notary public, did not state that the contract was delivered. The affidavit states that the affiant saw the contract "duly signed and executed" by O. K. Cash Grocery. The word "executed," thus used, comprehends delivery. *Dawson* v. *Callaway,* 18 *Ga.* 573 (3). And see *Buffington* v. *Thompson,* 98 *Ga.* 416, 422 (25 S. E. 516) ; *Hall* v. *Studebaker Corporation,* 13 *Ga. App.* 634 (79 S. E. 750). The record of a deed, or other paper entitled to be recorded, is presumptive proof of delivery (*Wellborn* v. *Weaver,* 17 *Ga.* 267 (65 Am. D. 235) ; *Harvill* v. *Lowe,* 47 *Ga.* 217) ; and, this contract having been duly recorded, it was presumptively delivered. In regard to the contention that the contract failed to identify any particular machine, and that the description was insufficient to put an innocent purchaser upon notice, it is sufficient to say that the description of the machine in the contract, aided by the parol evidence introduced, sufficiently identified the machine, and that the undisputed evidence in the case clearly shows that the defendant, who was a half-brother of the proprietor or manager of the O. K. Cash Grocery, was not an innocent purchaser, but, on the contrary, that he knew that the particular slicing machine which he had in his possession, and which another brother of his had purchased at the sheriff's sale, was the identical machine which had been sold by the American Slicing Machine Company to the O. K. Cash Grocery.

The fact that it appears from the probate of the contract that it was executed or acknowledged before a notary public in Dougherty county is no valid reason why it could not legally be recorded in Decatur county, where the machine, the subject of the contract, was delivered, and where the vendee resided. Civil Code, § 4202; *Anderson* v. *Leverette,* 116 *Ga.* 732 (42 S. E. 1026) ; *Austin* v.

*Southern Home Association,* 122 *Ga.* 439 (5), 447 (50 S. E. 382). In the absence of proof to the contrary (and there was no such proof in this case), it will be presumed that the contract was executed or acknowledged before the notary public of Dougherty county, in the only county where he had authority to act as a notary public, to wit, Dougherty county. *Abrams* v. *State,* 121 *Ga.* 170 (3) (48 S. E. 965); *Rowe* v. *Spencer,* 132 *Ga.* 426 (2), 427 (64 S. E. 468). It will be observed that nothing in the contract shows that it was executed or acknowledged .in Decatur county; the paper is not headed "Bainbridge, Georgia," and the only place where the name of that town occurs is at the end of the contract, where it is stated that the shipping address of the O. K. Cash Grocery is Bainbridge, Georgia, Water street.

2.   Under all the facts of the case, the court did not err in directing a verdict for the plaintiff for the full amount sued for.

*Judgment affirmed.*