### 9361. DIXON *v.* PIERCE.

Inasmuch as a mortgage in this State does not transfer title, but gives only a lien on the property included therein, a mortgage on domestic animals does not cover the increase thereof where there is no express mention of such increase in the instrument itself. Such increase may be sold by the mortgagor as his own, and a purchaser from him gets a good title as against the mortgagee.

DECIDED MAY 14, 1918.

Certiorari; from Wilkinson superior court—Judge Park. October 12, 1917.

Dixon foreclosed a chattel mortgage given him by R. L. Stanley, and had it levied on a cow and some hogs. The property was claimed by E. W. Pierce. The jury in the justice's court found in favor of the claimant, and a judgment was entered finding the property not subject. The case was taken to the superior court by certiorari, and the judge of that court, by an order reciting that the evidence was undisputed, rendered a final judgment, holding that a sow in controversy was subject to the mortgage execution, and that the other property in controversy was not subject, and awarding cost of the certiorari in the superior court against the claimant. To this judgment the plaintiff in fi. fa. excepted.

*Hal B. Wimberly,* for plaintiff. *T. E. Hightower,* contra.

HARWELL, J. The material facts in this case are undisputed, and are substantially as follows: The sow levied on under the mortgage fi. fa. was included in the mortgage. The other animals levied on are not included in the mortgage, but are the increase

of animals included in the mortgage. The debt which the mortgage was given to secure has not been paid. The claimant purchased the property after it had been levied on, and with notice of the mortgage. The sow, being embraced in the mortgage, is subject to the levy, and the claimant has no title thereto as against the lien of the mortgage. The main question is whether or not the lien of the mortgage covers the increase of animals included in the mortgage, the increase not being mentioned in the mortgage. The question is not without some difficulty, and there are authorities which hold that a mortgage covers the increase of animals mortgaged though the increase is not specifically mentioned therein. See notes in 14 L. R. A. (N. S.) 432, 122 Am. St. R. 384, 13 Ann. Cas. 97, to the case of Demers *v.* Graham, 36 Mont. 402 (93 Pac. 268). In that case it was held by the Montana Supreme Court that a chattel mortgage on cows, which does not transfer title, does not cover their calves in gestation when the mortgage is executed, and born prior to its foreclosure, where they are not mentioned in the instrument. We think the reasoning in that case is sound and states the correct rule, and we adopt it. The opinion in that case, in explanation of cases laying down a different rule from that stated by the court, quotes from a decision of the Supreme Court of California, in the case of Shoobert *v.* DeMotta, 112 Cal. 215 (53 Am. St. R. 207, 44 Pac. 487), where the decisions are examined and differentiated as follows: "It has been held in some States that the lien of a mortgage of domestic animals extends to the increase of the animals during the life of the mortgage, whether the terms of the mortgage include such increase or not; and, following these decisions, such a rule is stated in text-books upon chattel mortgages. It will be found, however, upon examination of these cases, that the decisions therein are based upon the principle of the common law, which was in force in those States, that, by the mortgage, the mortgagee is vested with the title to the mortgaged property, and becomes the owner thereof; and that in the case of domestic animals, applying another rule of both the common and the civil law, that 'the brood belongs to the owner of the dam or mother,—partus sequitur ventrem' (2 Bl. Com. 390),—he thereby becomes the owner of such increase, and being the owner, his title in any action at law must prevail." In Georgia, however, a mortgage does not transfer title, but gives a lien

only on the property described. In 1 Ruling Case Law, 1072, § 13, it is said: "In jurisdictions, however, where a chattel mortgage is regarded as only establishing a lien, and not transferring title, a mortgage of domestic animals does not cover the increase in gestation at the time of the execution of the mortgage, where there is no express mention thereof in the instrument itself; but such increase born before foreclosure may be dealt with by the mortgagor in possession as his own, and disposed of as he sees fit. A fortiori, in such jurisdictions a mortgage can not be held to include increase begotten after the mortgage was executed." In *Vason* v. *Bell*, 96 *Ga.* 269, it was said: "Mortgages of lands in this State are mere securities for debt; they pass no title to the mortgagee; the mortgagor holds the title until sold out and dispossessed by foreclosure; hence the rents, issues and profits are the mortgagor's, and are not embraced or covered by the mortgage; nor is stock or cattle or the increase thereof, or plantation tools, subsequently bought, unless expressly stipulated for in the mortgage." The decision does not clearly indicate whether the mortgage in that case covered the cattle and hogs or the land only. The court said: "It is also contended that the cattle and hogs, etc., are covered. We do not think so. Natural increase will not be covered by a mortgage that passes no title unless specifically named, particularly the cattle and hogs which came as increase during twenty years."

We have not overlooked section 3651 of the Civil Code (1910), and *Johnson* v. *Stevens*, 19 *Ga. App.* 192 (91 S. E. 220), relied on by defendant in error. That section confers no additional rights on a mortgagee. It is simply a statement of the common-law rule that "the brood belongs to the owner of the dam or mother,—partus sequitur ventrem." 2 Bl. Com. 390. We note also the case of *Anderson* v. *Leverette*, 116 *Ga.* 732 (42 S. E. 1026), where a mare in foal was sold, the vendor retaining title in a conditional bill of sale duly recorded, and it was held that the purchaser of the colt did not acquire title thereto as against the vendor of the mare. In that case the court remarked: "It has been frequently held in jurisdictions where, as at common law, the title to mortgaged property is in the mortgagee, that the increase of a female animal which is under mortgage is covered by the mortgage, as against innocent third parties, during the period requisite for suitable nurture of such increase by the mother." We do not

think the mortgage covered the increase, and the claimant got a good title to that.

There being no question of fact which would make it necessary to send the case back for a rehearing, the judge of the superior court properly rendered a final judgment in the case. Civil Code (1910), § 5201.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*