### In re W. J. MARSHALL CO.

(District Court, S. D. Georgia.   July 3, 1923.)

1. **Bankruptcy** ⬥140(1)—**Recorded unattested conditional sale contract, though acknowledged, is invalid as against trustee.**

Where an unattested sales contract, reserving title to certain personalty under which vendee is now the bankrupt, was acknowledged and recorded more than four months prior to bankruptcy, in view of Bankruptcy Act, § 47a(2) (Comp. St. § 9631), and Park's Ann. Civ. Code Ga. §§ 3318, 3319, requiring such contracts to 'be attested and recorded to be valid as against third parties, it is not valid as against the trustee, as acknowledgement is not equivalent to attestation.

2. **Sales** ⬥462—**Recorded unattested conditional sale contract, though acknowledged, held not notice to any one.**

Where a conditional sales contract was acknowledged but not attested as required by Park's Ann. Civ. Code Ga. § 3318, it was improper to record it, and its record was not notice to any one, in view of sections 143, 3257, 3264, and the history of legislation.

In Bankruptcy. In the matter of the W. J. Marshall Company, bankrupt. Petition by the trustee for a review of a referee's decision favorable to the Saranac Machine Company. Decision disapproved.

Wallace Miller, of Macon, Ga., for trustee.

Martin & Martin, of Macon, Ga., for Saranac Mach. Co.

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BARRETT, District Judge. · The Saranac Machine Company holds a reserve title contract to certain personalty, under which W. J. Marshall Company was the vendee. This contract was signed on November 7, 1921, "W. J. Marshall Company, by R. L. Crandall," and there was no attesting witness. On November 17, 1921, an instrument was executed in the following language and attached to the conditional bill of sale, which was recorded November 28, 1921, viz.:

"State of Georgia, Bibb County. I hereby certify that I, R. L. Crandall, am connected with W. J. Marshall Company in the capacity of ——— and that I have full authority to execute the annexed contract on behalf of W. J. Marshall Company, and I certify that on November 7, 1921, I signed and accepted the above contract for W. J. Marshall Co., vendee, with Saranac Machine Company, vendor. I acknowledge the above as my signature. This the 22d day of November, 1921. R. L. Crandall.

"Sworn to and subscribed before me this the 17th day of November, 1921.

"C. S. Baldwin, ·Jr., Notary Public State of Georgia at Large."

More than four months subsequent to such record, Marshall Company was adjudicated a bankrupt, and Heyward qualified as trustee in bankruptcy. The contest is between the Saranac Company and such trustee, on review of decision of the referee in favor of such company.

1. The position of the trustee as a lienholder is fixed by section 47a (2) of the Bankruptcy Act (Comp. St. § 9631).

2. The law is wholly statutory, and the decisions of the Georgia courts should be controlling. Sections 3318 and 3319 of Park's Code of Georgia are:

"(3318) Whenever personal property is sold and delivered with the condition affixed to the sale that the title thereto is to remain in the vendor of such personal property until the purchase-price thereof shall have been paid, every such conditional sale, in order for the reservation of title to be valid as against third parties, shall be evidenced in writing, and not otherwise. And the written contract of every such conditional sale shall be executed and attested in the same manner as mortgages on personal property; as betweeen the parties themselves, the contract as made by them shall be valid and may be enforced, whether evidenced in writing or not.

"(3319) Conditional bills of sale must be recorded within thirty days from their date, and in other respects shall be governed by the laws relating to the registration of mortgages."

The Georgia courts have held that an unattested written conditional sale is invalid, except as between the parties. Merchants' Bank v. Cottrell, 96 Ga. 168(2), 23 S. E. 127; Hill v. Ludden & Bates, 113 Ga. 320, 38 S. E. 752: Olmstead v. Portland Cement Co. (Ga. App.) 117 S. E. 255, April 10, 1923.

This court has held the same view. General Fire Extinguisher Co. v. Lamar, 141 Fed. 353, 72 C. C. A. 501, certiorari from which opinion was denied by the Supreme Court of the United States, 201 U. S. 647, 26 Sup. Ct. 761, 50 L. Ed. 904; In re Burke (D. C.) 168 Fed. 994.

[1] 3. The so-called certificate signed by R. L. Crandall bears date the 22d of November, 1921, while the jurat signed by C. S. Baldwin, Jr., notary public, is dated the 17th of November, 1921. No attack is made upon this discrepancy, and I will treat it as satisfactorily explained to the referee.

Did this act on the part of Crandall render the contract valid as to third parties, or authorize its record? It is certain that this act was

not equivalent to an attestation, for it makes no claim of being such. While irregular, it can fairly be construed as an acknowledgment. That there is an important distinction between attestation and acknowledgment is definitely decided by the Supreme Court of Georgia in White v. Magarahan, 87 Ga. 217, 13 S. E. 509, where we find this definition:

"Attestation and acknowledgment are different acts. Attestation is the act of witnessing the actual execution of a paper and subscribing one's name as a witness to that fact. Acknowledgment is the act of a grantor in going before some competent officer and declaring the paper to be his deed."

Crandall's act, not being equivalent to attestation, does not relieve of the invalidity of the conditional contract of sale as against a trustee in bankruptcy.

[2] Nor does such acknowledgment authorize the record. It is not for the court to be controlled by what it might think was proper legislation, which in this case would seem to be that the rules as to the execution and record of mortgages should be the same as of deeds. If, however, the Legislature has, wisely, or by oversight, created and preserved a difference, this must be controlling on the courts.

The earliest Georgia act on the subject is that of February 22, 1785 (Cobb's Digest p. 164), that—

"All deeds of conveyance by way of bargain and sale, bona fide, of lands or tenements, and executed under hand and seal, in the presence of two or more witnesses, and a valuable consideration paid, that are proved or acknowledged before a justice of the peace," etc.

This act was limited to deeds of conveyance, and showed that the legislative mind contemplated either probate or acknowledgment. The next act upon the subject is that of December 26, 1827, Dawson's Comp. p. 222, Cobb's Digest, p. 172:

"Every deed of conveyance or mortgage of either real or personal property hereafter to be made, may, upon being executed in the presence of, and attested by a notary public, judge of the superior court, justice of the inferior court, or justice of the peace (and in cases of real property, by one other witness), be admitted to record and made evidence in the different courts of law and equity in this State, as though the same had been executed, proved, and attested as heretofore required by the laws of this state in case of deeds of real property."

This deals with deeds and mortgages, and it is to be noted that there is no provision for either probate or acknowledgment, but merely attestation. Since the adoption of our first Code, the provisions as to the attestation, probate, and acknowledgment of deeds have continued substantially the same; and the provisions as to the attestation and probate of mortgages have continued the same as now set forth in section 3257 of Park's Code.

There are other indications that this difference of execution for registry was recognized and maintained, or certainly not corrected. Section 3264 of the present Code is as follows:

"All the rules prescribed for the probate of deeds to land, where the witnesses are dead, insane, or removed from the state, or to the acknowledgment before or attestation by consuls or commissioners, shall apply to the probate of mortgages."

From this it will be observed that though *acknowledgment* of deeds was mentioned, it was prescribed that the rules "shall apply to the *probate* of mortgages." Is it not significant that it should be limited to the probate of mortgages, when it was dealing with rules applicable to the acknowledgment of deeds? Again, in the authority to a commissioner of deeds, it is limited to "to take and certify the acknowledgment or proof of deeds or other conveyance of property" (Park's Code, § 143); and it seems that such commissioner could not take even a probate of a mortgage, unless it were under section 3264, above quoted.

It is urged that our Supreme Court has, in the case of Ballard v. Orr, 105 Ga. 194, 31 S. E. 554, practically declared that attestation and acknowledgment could be substituted one for the other. In that case there was only one question involved, and that was simply: Could a deputy clerk attest a deed for registration? The statement relied on is obviously obiter. It is also urged that in the case of Brockett v. American Slicing Machine Co., 18 Ga. App. 670, 90 S. E. 366, the act was practically an acknowledgment, and that this authorized the record of the instrument. A reading of this opinion manifests that the court entertained the view that what was designated an *acknowledgment* was a *probate*. Again, it is urged that in the case of Missouri State Life Ins. Co. v. Barnes Construction Co., 147 Ga. 677, 95 S. E. 244, the act was an acknowledgment. But the ruling is that it was an attestation, and therefore the instrument was properly admitted to record.

It is further urged that the Supreme Court of the United States has established a liberal rule in aid of acknowledgments, or certificates thereof. Carpenter v. Dexter, 8 Wall. 513, 19 L. Ed. 426; Kelly v. Calhoun, 95 U. S. 710, 24 L. Ed. 544. That is followed in this case by adopting the paper signed by Crandall as an acknowledgment. But liberality in giving force to irregular acknowledgments is not at all equivalent to writing into the statute what has been for many decades omitted.

The conclusion is that the paper was not at any time in a position to authorize its record, and such being true, the record was not notice to any one. Williams v. Adams, 43 Ga. 408; White v. Magarahan, 87 Ga. 217, 13 S. E. 509; Barrow v. Napier, 16 Ga. App. 309, 85 S. E. 267.

The report of the referee is disapproved, and the claimed reserved title to the Saranac Machine Company is disallowed.