Coltun et al., Appellants, *v.* Getz.

592

Argued November 21, 1929.

Before PORTER, P. J., TREXLER, KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*Maurice G. Weinberg,* for appellant.

*I. Nathaniel Treblow,* for appellee.

OPINION BY GAWTHROP, J., January 29, 1930:
Plaintiffs sued defendant to recover from him the

proportionate share of the taxes and interest which they allege to be due them under the terms of a written agreement to purchase and maintain a property known as Wexler Hotel. The statement of claim alleged that plaintiffs and defendant desired to purchase the hotel and agreed to purchase it for $61,000; that pursuant to the oral arrangement made each of the parties, including defendant, was to contribute certain sums agreed upon, the total of which would be $11,000; that when the agreement between the parties to make the purchase was reduced to writing and ready for execution, defendant requested plaintiffs to permit him to use the name of his wife, Dora Getz, in the contract, stated that for personal reasons he did not desire his name to appear in the contract, but that he personally would be a party to the enterprise and plaintiffs could look to him for the fulfillment of all terms and obligations as set forth in the contract, just as though his name appeared therein, and that he would "use the name of Dora Getz, his wife, as a makeshift so that any interest belonging to him in this enterprise should not appear in his name." It alleged also that the contract was executed by plaintiffs and defendant, the latter signing the name of his wife, Dora Getz; that the deposit of $11,000 was then made on account of the purchase price of the hotel, the defendant contributing the sum of $2,000; that the hotel was purchased and carried by plaintiffs and defendant for more than three years; and that defendant failed and neglected to contribute his proportionate share of taxes and interest as provided in said agreement.

Defendant filed an affidavit of defense in the nature of a demurrer, raising the question of law that the contract upon which the action is grounded is not binding upon him, because he was not a party to it. The court decided the question of law for defendant and, without filing any opinion, ordered judgment to be entered for him. This is the error assigned.

We think that the statement of claim set forth a good cause of action against defendant, notwithstanding the fact that the written agreement did not contain his name as a party. "It is a fundamental principle that a man, either in his general dealings or in a particular transaction, may adopt whatever name he chooses and he will be bound accordingly": 1 Parsons on Notes and Bills 81; Scanlon v. Alexander, 71 Minn. 351, 74 N. W. 146; White v. Hartman, 26 Colo. 475, 145 Pac. 716; Pease v. Pease, 35 Conn. 131, 9 Am. Dec. 225; Lewis v. Schoville, 94 Conn. 79, 109 Atl. 501; Grafton Bank v. Flanders, 4 N. H. 235. See also Note in L. R. A. 1915, D. 983. All that the law looks to is the identity of the individual and when that is ascertained and clearly established the act will be binding on him and others: 19 R. C. L. 1333. It was held in Tuggle v. Bank of Cave Spring, 8 Ga. App. 291, 68 S. E. 1070, that the administratrix of one who signed a note in a name other than his own was liable on the note as the individual contract of the intestate, the name signed being that of another person who had not authorized the signature; and that it was not necessary to go into equity to have the contract reformed. We think it is entirely immaterial whether the name used is purely artificial and fictitious or that of another person if the party using it is the one interested in the transaction. The clear effect of the allegations in the statement is that plaintiffs were innocent parties contracting with defendant, at his suggestion, in the name of his wife, and that she was not interested in the contract. In such circumstances plaintiffs are not to be deprived of their right to sue defendant on a contract to which he was a party in fact, if not in name. There is no such sanctity in a name that right and justice should be sacrificed to it.

The judgment is reversed and the record is remitted with a procedendo.