36340.  NATIONAL CASH REGISTER COMPANY *v.* SIKES.

Decided September 20, 1956.

*C. L. Cowart,* for plaintiff in error.

*B. D. Dubberly,* contra.

TOWNSEND, J. An undertaking by an individual in a fictitious or trade name is the obligation of the individual. *Tuggle* v. *Bank of Cave Springs,* 8 *Ga. App.* 291, 293 (68 S. E. 1070). Under Code (Ann. Supp.) § 106-303 the effect of the Act of 1937 (Ga. L. 1937, p. 804) requiring registration of trade names "shall be that no contract or undertaking entered into by any person, firm, or corporation, whether heretofore or hereafter entered into, shall be invalidated or declared illegal on the ground that the same was entered into in a trade or partnership name not filed or registered in accordance with the laws in force at the time such contract or undertaking was entered into; but all such contracts and undertakings are expressly validated as against any such objection; and no suit or action heretofore or hereafter instituted by any such person, firm, partnership or corporation, whether sounding in contract or tort, shall be defeated because of any such failure to register." Accordingly, the fact that the retention-title contract was signed in a trade name by the owner of such business does not in any wise invalidate the contract. The defendant contends, however, that even so the contract should not have been admitted to record under the provisions of Code § 67-111 as follows: "A mortgage recorded in an improper office, or without due attestation or probate, or so defectively recorded as not to give notice to a prudent inquirer, shall not be held notice to subsequent bona fide purchasers or holders of younger liens. A mere formal mistake in the record shall not vitiate it." There seems to be no claim that the instrument was not properly attested or not properly proved genuine before the clerk, but rather that "there was no way for an innocent purchaser to learn who the Dixie Service Station was since there was no record of any such trade

name in the county where the defendant lived," and that this constituted the instrument as "defectively recorded."

Since the words "Dixie Service Station" do not import the name of any legal or artificial person, it is obvious from the instrument itself that the obligation was assumed by the person signing the instrument, Allen Roth, in the firm name, and that a person seeing the instrument would be put on notice of Roth's interest therein. The real complaint of counsel for the defendant, therefore, must be taken to mean, not that the clerk of court in any manner defectively recorded the instrument, but that the records were perhaps not indexed or otherwise set up so that he could thereby locate the record of the transaction under the name of Roth. This, however, does not amount to a defective recording of an otherwise valid instrument so as to allow the same to be excluded from evidence. In *Thomas* v. *Hudson,* 190 *Ga.* 622 (1, 2) (10 S. E. 2d 396), it is pointed out that due filing for record of a valid mortgage affords good constructive notice of the instrument as to subsequent purchasers even though the entry is erroneously indexed and the record erroneously made on the wrong books. "The actual recording is the duty of the clerk, and the statute does not contemplate that . . . an erroneous performance of (such duty) shall operate to defeat the grantee who has properly filed his deed." *Willie* v. *Hines-Yelton Lumber Co.,* 167 *Ga.* 883 (5) (146 S. E. 901). See also *Touchstone Live Stock Co.* v. *Easters,* 172 *Ga.* 454 (157 S. E. 683). As stated in the *Hudson* case (p. 627): "This is true even though it be assumed, as alleged by the petition, that the prudent inquiry and search, by the attorney for the purchaser, of the record books . . . would not have disclosed the record of the mortgage."

In *Brockett* v. *American Slicing Machine Co.,* 18 *Ga. App.* 670 (90 S. E. 366), it was held that a retention-title contract signed merely "O.K. Cash Grocery" was entitled to record over the objection that it did not appear to be signed by any person, firm or corporation.

"The registration and record of conditional bills of sale shall be governed in all respects by the laws relating to the registration of mortgages on personal property." Code § 67-1403. "In order to admit a mortgage to record it must be attested by or acknowledged before an officer as prescribed for the attestation or

394

acknowledgment of deeds of bargain and sale." Code § 67-105. "No particular form is necessary to constitute a mortgage. It must clearly indicate the creation of a lien, specify the debt to secure which it is given, and the property upon which it is to take effect." Code § 67-102.

The description of the property in the retention-title contract is full and complete and coincides with the description in the trover action. The language is sufficient to create a lien and to specify the debt secured. It is properly attested. Since the signature of the grantee as "Dixie Service Station by Allen Roth" is the use of a trade name specifically permitted by Code (Ann. Supp.) § 106-303 the contract is valid; being valid, and meeting the other requirements of the Code sections above set forth, it was entitled to record. Accordingly the trial court erred in excluding this evidence and in thereafter directing a verdict for the defendant.

The trial court erred in denying the motion for a new trial as amended.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*