DECIDED FEBRUARY 12, 1935.

*E. C. Herring, J. D. Hughes,* for plaintiff.
*R. Douglas Feagin,* for defendant.

## 24057. BURRESS *et al. v.* BANKS.

STEPHENS, J. 1. A note which purports to be executed by a number of individuals whose names are signed thereto, but in the body of which the signatory parties are described as "We, the Bethlehem Church of God," is their individual undertaking, and each of them is individually liable upon the note. The obligation is not that of "The Bethlehem Church of God," a corporation, or otherwise, but "The Bethlehem Church of God" is no more than a trade name of the signers of the note. Notwithstanding persons may be doing business under a trade name, their contract, even if made in the trade name, is their individual obligation. *Laurens Glass Works v. Childs,* 49 *Ga. App.* 590 (176 S. E. 665).

2. In a suit upon a note, where the only defense interposed consists in a plea denying indebtedness and demand for payment, and the only evidence introduced in behalf of the plaintiff is the note itself and the testimony of the plaintiff that he is the owner of the note, and that a designated payment has been made on the note and a designated amount is the balance due thereon, the court did not err in directing a verdict for the plaintiff.

3. The petition set out a cause of action, and the court did not err in overruling the general demurrer thereto.

4. An "understanding" between the makers of the note and the payee at the time of the execution of the note, that the note represented the indebtedness of the "Bethlehem Church of God" and not the indebtedness of the signers of the note, and that they would not be liable on the note, was a mere parol agreement without any consideration, and formed no

562

part of the contract between the parties. The court did not err in striking the plea setting up this "understanding" as a defense.

5. The court did not err in overruling the demurrer to the petition and in striking a portion of the defendants' plea, and in overruling the defendants' motion for a new trial, which was upon the general grounds only. *Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED FEBRUARY 12, 1935.

*A. W. White, A. C. Corbett,* for plaintiffs in error.
*Poole & Fraser,* contra.