## 36321. ROBERTS *et al. v.* MAXWELL.

Decided September 28, 1956.

*Jess H. Watson,* for plaintiff in error.

*Ben S. Atkins, Robert T. Efurd,* contra.

FELTON, C. J. The contract contains the following provision: "The purchase price of said property shall be: Eight thousand five hundred no/100 dollars, $8,500, to be paid as follows: Subject to G. I. loan. Purchaser has paid to the undersigned, Grove Park Insurance & Realty Company, real estate broker, receipt whereof is hereby acknowledged by such broker, $750, as earnest money, which earnest money is to be applied as part payment of purchase price of said property at the time sale is consummated."

Assuming but not deciding that the contract meant "subject to the *procuring* of a G. I. loan," and that the contract is definite and enforceable, the evidence showed that a "G. I. loan" covering the $8,500 was not procured. The evidence showed that the plaintiff purchaser had used some of his "G. I. loan" benefits and therefore was not entitled to a loan covering the purchase price of $8,500. Since a "G. I. loan" could not be procured for the full amount as provided for by the contract, the purchaser did not default due to his own actions and is entitled to a return of the earnest money. It is contended by the defendants that at the time the contract was entered into, the plaintiff knew that he had used some of his "G. I. loan" benefits and could not procure a full $8,500 loan on the property and was therefore guilty of fraud. This is not shown by the evidence. While the evidence does authorize a finding that the plaintiff had used a portion of his "G. I. loan" benefits and that he knew it, it does not appear that the plaintiff knew the effect of such use and that by such use he could not procure an $8,500 loan on the property which was the subject of the contract.

The evidence demanded a verdict for the plaintiff and the court did not err in denying the motion for new trial.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*