## ALLEN *v.* PEOPLES BANK OF TALBOTTON.

1. In a suit by "The Peoples Bank of Talbotton, Georgia, a corporation under the laws of Georgia," upon a promissory note payable to "The Peoples' Bank," it was competent to show, by proper averments added by amendment, that the name of the payee as written in the note was but a variation of the true name of the corporation, and that the latter was meant and intended to be designated by the names used in the written instrument.

2. The evidence entirely failed to establish the defense that the note sued on was without consideration; and the only possible legal result of the

trial, under the pleadings' and the evidence in the case, was a verdict for the plaintiff; and the court did not err in so directing.

Argued February 10.—Decided August 11, 1909.

Complaint. Before Samuel B. Hatcher, judge pro hac vice. Talbot superior court. March 9, 1908.

*Eason & Bull* and *A. J. Perryman,* for plaintiff in error.

*A. P. Persons* and *J. H. McGehee,* contra.

BECK. J. The Peoples Bank of Talbotton, Georgia, a corporation, brought suit against James Allen, the plaintiff in error, for the sum of $1,296, besides interest and attorney's fees, on a promissory note, of which the following is a copy:

"$1,296.00.                    Talbotton, Ga., Feby. 15th, 1896.

"By Nov. 15th after date I promise to pay to The Peoples Bank, or order, Twelve Hundred and Ninety-Six Dollars, at The Peoples Bank, value received. And if not paid at maturity I promise to pay interest from maturity until paid at the rate of 8 per cent. per annum; and if collection be enforced by suit, I promise to pay 10 per cent. upon the amount due, as attorney's fees; and agree that the judgment obtained shall include such attorney's fees; and the whole shall bear interest at the same rate as this note, until paid. As against the payment of the sums due on this note, the maker, endorser, or securities, waive all benefit of the present or any future homestead or exemption laws of this or any other State where they may reside, or payment is enforced, and also all exemption under the bankrupt laws of the United States of America." [Signed] James Allen (L. S.)."

Paragraph 2 of the petition contains the following allegation: "That said James Allen is indebted to The Peoples Bank in the sum of Twelve Hundred and Ninety-Six Dollars and———cents, besides interest at eight per cent. on said principal from Nov. 16, '96, and besides ten per cent. on the amounts as attorney's fees, on a promissory note dated Feby. 14th, 1896, and due Nov. 15th, 1896, a copy of which is hereto attached." The defendant filed a demurrer to the petition, upon the following grounds: (1) "That the petition was brought in the name of The Peoples Bank of Talbotton, Georgia. (2) That it alleges the defendant is indebted to The Peoples Bank upon a note given. (3) That there is no allegation of any right that The Peoples Bank of Talbotton should maintain a suit [upon a note] given to The Peoples Bank." The plain-

tiff then filed the following amendment: "And now comes the plaintiff in the above-stated case and with leave of the court amends paragraph 2 of its petition by adding after the words 'The Peoples Bank' the words, "of Talbotton, Ga.,' and by adding at the end of said paragraph 2 the words, 'The Peoples Bank as named in said note meaning and being The Peoples Bank of Talbotton, Ga.' " The amendment was objected to by defendant; and after its allowance by the court, the defendant renewed his demurrer upon the following grounds: "(1) That the allegations of said amendment are in law insufficient. (2) Because said amendment seeks to vary, alter, and change a written contract." The court overruled the demurrer to the petition as amended. The only issue made upon the trial was as to the consideration for which the note was given, the defendant admitting its execution but claiming that it was without consideration. After all evidence was introduced the court directed a verdict in favor of plaintiff for the principal and interest.

1.   It was competent for the plaintiff, by proper amendment, to show that the name by which the payee in the note was designated was a variation from the precise name of the corporation, and to show that the plaintiff corporation was the one meant to be designated as the payee in the note. And with this explanation of the variation between the name of the payee as written in the face of the paper, and the true name of the plaintiff corporation as set forth in the declaration, the suit should have been allowed to proceed in the name of the corporation, as it actually is in its charter, to judgment upon the note sued on, unless a valid defense thereto should be established by the defendant. As to the effect of misnomer of corporations in written obligations by or to the corporation, see 1 Thompson on Corporations, §294, and the authorities there cited. From what we have said above, it will be seen that the demurrers were without merit.

2.   The evidence introduced to support the plea that the note was without consideration was not sufficient to authorize the jury to find for the defendant upon that plea; and that being true, the execution of the note having previously been admitted, the only legal result of the trial possible under the pleadings and the evidence was a verdict for the plaintiff, and the court did not err in directing a verdict accordingly.

*Judgment affirmed.   All the Justices concur.*