23639. LAURENS GLASS WORKS *v.* CHILDS.

STEPHENS, J. 1. The negotiable-instruments law (Ga. L. 1924, p. 131, sec. 18; Michie's Code, § 4294(18)) provides that one who signs a note "in a trade or assumed name will be liable to the same extent as if he had signed in his own name." Where a note bears a signature which is not that of an individual, but a name which might be a corporate or trade name, and it is indicated on the face of the note that the signature was made by a named individual, as where the signature is "Nugrape Bottling Co., by J. H. Childs, Pres.," when in fact he is the "Nugrape Bottling Company," and is doing business thereunder as a trade name, the note is his individual undertaking.

2. Upon the trial of a suit by Laurens Glass Works against J. H. Childs, to recover upon promissory notes, which were signed "Nugrape Bottling Company, by J. H. Childs, Pres.," alleged to have been executed by the defendant under a trade or assumed name, viz. "Nugrape Bottling Company," where the defense was that the notes were not obligations of the defendant but of his wife, who was doing business under the trade name of "Nugrape Bottling Company," and where it appeared from the evidence that the notes were executed in payment for bottles which the plaintiff had manufactured and delivered to Nugrape Bottling Company, of which the defendant J. H. Childs purported to be, and represented himself as, the president, and was in charge of the business, managing and operating it, and it did not appear that any other person was connected with the operation and the conduct of the business, but where there was evidence that the business belonged to the defendant's wife, and that "Nugrape Bottling Company" was a trade name under which she did business, and that the defendant had registered this name in the office of the clerk of the superior court as a trade name for the wife, and where it appeared that the contract for the purchase of the bottles

was executed by "Nugrape Bottling Company, by J. H. Childs," and that from the contents of letters from the defendant to the plaintiff, which were signed "Nugrape Bottling Company, J. H. Childs," and "Nugrape Bottling Co., by J. H. Childs, president," and "J. H. Childs," and "J. H. Childs, president," it appeared that the defendant, as respects negotiations between the plaintiff and Nugrape Bottling Company with reference to the execution of the contract and the notes sued on, acted for and in behalf of the Nugrape Bottling Company, and, in one of the letters which was signed "Nugrape Bottling Company, J. H. Childs," the business is referred to as "my Nugrape Bottling Plant," that J. H. Childs conducted for the Nugrape Bottling Company all negotiations in the matters respecting the contract and the notes between Nugrape Bottling Company and the plaintiff, that "Nugrape Bottling Company" was not a corporation, that from the defendant's testimony, a statement of his financial condition made by him to R. G. Dun & Company was "misleading" as to the true ownership of the property as it appeared from "the records," which testimony was subject to the construction that the defendant had stated to Dun & Company that the ownership of the business was otherwise than that of the wife as it appeared from the record of the registration of the business in the clerk's office where the business was registered as belonging to her, and it did not appear that the plaintiff knew that the business belonged to the wife, the inference was authorized that J. H. Childs himself, and not his wife, was, at the time of the execution of the contract and the notes sued on, doing business under the trade name of "Nugrape Bottling Company," and that the contract and the notes sued on were his individual undertakings and he was liable thereon as the maker thereof.

3. The act approved August 15, 1929 (Ga. L. 1929, p. 233), requiring registration, in the office of the clerk of the superior court, of persons doing business under a trade name, by filing an affidavit signed by the person doing business, in which is set forth the name and address of the true owner of the business, requires that the affidavit be made by the person who operates under the trade name referred to in the affidavit. Where the registration in the clerk's office of "Nugrape Bottling Company" as being the trade name of the wife of J. H. Childs consists in the filing of an affidavit purporting to give the required information, but which is executed by the husband, J. H. Childs, and not by the wife, the registration is not the registration of Mrs. J. H. Childs doing business in the trade name of "Nugrape Bottling Company," as required by the statute. If a registration which is made in the manner required by the statute constitutes notice to any one of the facts disclosed in the registration, the registration of Mrs. J. H. Childs as doing business under the trade name of "Nugrape Bottling Company, which was by the filing of an affidavit made, not by her, but by her husband, constitutes no constructive notice to persons dealing with the "Nugrape Bottling Company" that it is the trade name of a business conducted by Mrs. J. H. Childs.

4. The evidence authorized a verdict for the plaintiff, and the court erred in directing a verdict for the defendant.

5. The fact that upon the trial each party moved for the direction of a verdict in his favor does not, without more, amount to a consent by both

592

parties that the case should be disposed of by the direction of a verdict for one side or the other; and where a verdict was erroneously directed for the defendant, the plaintiff is entitled to a new trial, notwithstanding a verdict for the plaintiff is not as a matter of law demanded, but would have been authorized by the evidence. *Gross* v. *Butler*, 48 *Ga. App.* 750 (5) (173 S. E. 866).

> *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*
> DECIDED SEPTEMBER 22, 1934.

*J. W. Dennard, Ellis & Ellis,* for plaintiff.
*C. L. Harris, W. H. Dorris,* for defendant.

