*Judgment affirmed. Stephens and Sutton, JJ., concur.*

25733. STEPHENS *v.* BIBB INVESTMENT COMPANY.

JENKINS, P. J. 1. "A name which implies . . a financial, commercial, or manufacturing organization, or other organization, which are the usual subjects of incorporation, imports a corporation, and of such the court will take judicial knowledge." The name "Bibb Investment Company" so imports. *St. Cecilia's Academy* v. *Hardin,* 78 *Ga.* 39, 41 (3 S. E. 305); *Bell Marble Co.* v. *American Securities Co.,* 36 *Ga. App.* 340 (136 S. E. 541). "A corporation, in an action on contract, need not set out in the declaration how, or by what authority, it was incorporated, nor aver itself to be a corporation." *Wilson* v. *Sprague Mowing Machine Co.,* 55 *Ga.* 672; *Mississippi Central R. Co.* v. *Plant,* 58 *Ga.* 167, 169. "The existence of the corporation can only be denied by a plea of nul tiel corporation." *Bass* v. *African Methodist Episcopal Church,* 155 *Ga.* 57 (9), 60 (116 S. E. 816). In the absence of such a proper plea, the defendant will not be permitted, over objection, to submit evidence for the purpose of disproving the plaintiff's imported corporate entity. See *Hanesley* v. *Monroe,* 97 *Ga.* 471 (25 S. E. 321); *Harrell* v. *Blount,* 112 *Ga.* 711 (2) (38 S. E. 56); *L. & N. R. Co.* v. *Barrett,* 143 *Ga.* 742, 745 (85 S. E. 923); *Bray* v. *Peace,* 131 *Ga.* 637 (6) (62 S. E. 1025); *Kiser* v. *Westbrook,* 33 *Ga. App.* 208 (125 S. E. 774); Code, § 81-307. Likewise, where a defendant desires to prove a failure by a plaintiff to comply with the requirements of the trade-name registration act of 1929 (Ga. L. 1929, p. 233; Code, § 106-301 et seq.), such a defense must be specially pleaded, as in *Dunn & McCarthy Co.* v. *Pinkston,* 179 *Ga.* 31, 33 (175 S. E. 4); *Mobley* v. *Bailey,* 52 *Ga. App.* 578, 580 (184 S. E. 417). Neither the imported corporate existence of the plaintiff suing in the name Bibb Investment Company, nor any failure by it to comply with the trade-name registration statutes, having

been attacked specially or in any wise in the answer, the court did not err, on objection by the plaintiff on this ground, in excluding such proffered testimony of the defendant.

2. The evidence, in this suit for the recovery of a salary assignment, fully authorized the verdict for the plaintiff; and the court did not err, on the general exceptions, in overruling the certiorari.

3. Even if the remaining assignments of error, which fail to set forth the evidence complained of as illegally admitted and excluded, or to show its materiality or any adverse effect on the rights of the defendant, could be taken as legally sufficient, they will not be determined, since they are neither argued nor referred to in the brief of counsel.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED SEPTEMBER 28, 1936.

*J. D. Hughes,* for plaintiff in error.
*Bloodworth & Bloodworth,* contra.

