27587. CENTRAL GEORGIA ELECTRIC MEMBERSHIP CORPORATION *v.* HEATH.

DECIDED SEPTEMBER 22, 1939.

650

*W. E. Watkins, B. B. Garland,* for plaintiff in error.

*H. M. Fletcher,* contra.

SUTTON, J. (After stating the foregoing facts.) In the present case the petition alleges that the defendant attached the lateral wire to the wall of plaintiff's residence without his permission. Even where consent is given in order that by contract one may avail himself of electricity supplied by a utility corporation, the latter must take measures to safeguard the user from danger. The rule is stated in *Columbus Railroad Co.* v. *Kitchens,* 142 *Ga.* 677 (83 S. E. 529, L. R. A. 1915C, 570), as follows: "Where an electric-light company maintains overheard wires from its plant to a residence of one of its patrons, for the purpose of supplying light to the house, the company is under duty to employ such approved apparatus in general use as will be reasonably necessary to prevent injury to the house or persons or property therein, arising from electricity which may be generated by a thunderstorm and strike the wires and be conducted thereby into the residence. A petition which alleges a negligent failure in respect of such matters, and damage arising therefrom, was not subject to demurrer on the

ground that it failed to set out a cause of action." See also *City of Cuthbert* v. *Gunn*, 21 *Ga. App.* 442 (3) (94 S. E. 637); *Milam* v. *Mandeville Mills*, 41 *Ga. App.* 62, 66 (4) (151 S. E. 672). The petition here alleged that the defendant was negligent in failing to ground the wire which was attached to his residence, and thus showed a violation of a duty towards him even if he had contracted for the electricity. Of course the defendant was likewise under a duty to use such approved apparatus in general use reasonably necessary to prevent injury to the plaintiff arising from electricity which it had generated mechanically. A cause of action was set forth in the petition, and the court properly overruled the general demurrer. The contention of the plaintiff in error, that from the allegations of the petition it could not reasonably be said that the plaintiff was not negligent in not himself grounding the wire or removing the same from the wall of his residence, and that by the exercise of ordinary care he could have avoided the consequences of the defendant's alleged negligence, is without merit. Such contentions are matters of defense, and an action will not be dismissed on general demurrer on such ground, unless the petition affirmatively discloses facts from which such conclusion would be demanded as a matter of law. *Collins* v. *Augusta-Aiken Ry. Cor.*, 13 *Ga. App.* 124 (2) (78 S. E. 944); *King Hardware Co.* v. *Ennis*, 39 *Ga. App.* 355, 365 (147 S. E. 119). It could not be said, as a matter of law, that the allegations of the petition show conclusively that the plaintiff, if under any duty to avoid the consequences of the defendant's negligence as soon as the danger became apparent, or in the exercise of ordinary diligence should have been apprehended, was guilty of any negligence whatever.

By amendment the plaintiff alleged that on the night when he was injured there was a thunderstorm with lightning, and that the lightning struck the poles and wires on the main line of the defendant almost opposite his residence and passed thence over the lateral wire fastened to his residence. This amendment was properly allowed. It did not set out a new cause of action, but merely amplified the allegations of the petition and showed the original source of the electricity. The defendant, by failing to ground the lateral wire which was affixed to the wall of the plaintiff's residence, permitted the electricity to be conveyed across such wire into

the room occupied by the plaintiff instead of properly conducting it into the ground, and thus injured the plaintiff in the respects alleged in the petition. The injury could not be said to have been sustained, as contended by plaintiff in error, by an act of God. By the Code, § 102-103, it is declared: "Act of God means an accident produced by physical causes which are irresistible or inevitable, such as lightning, storms, perils of the sea, earthquakes, inundations, sudden death or illness. This expression excludes all idea of human agency." Citations are unnecessary to show that an act of God means a casualty which is not only not due to human agency, but is one which is in no wise contributed to by human agency, and that an act which may be prevented by the exercise of ordinary care is not an act of God. When the lightning struck the main line of the defendant it was an act of God; but permitting it to travel across the lateral wire into the room occupied by the plaintiff, instead of arranging so that it would be conducted into the ground, was not an act free from human agency. It follows that the petition as amended set forth a cause of action, and that the court properly overruled the general demurrer thereto. It would require undue prolongation of this opinion to discuss in detail the grounds of special demurrer. Suffice it to say that they are without merit, and in the main call for information peculiarly within the knowledge of the defendant. We think that the allegations of the petition were amply sufficient to enable the defendant to prepare its defense, and no reversible error is shown in the judgment in overruling these special grounds.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*