DECIDED MARCH 5, 1941.

*Alec Harris,* for plaintiff.

*Matthews, Owens & Maddox,* for defendant.

FELTON, J. J. L. McGinnis sued Max Milhollin for work done by the plaintiff for the defendant in the construction of the defendant's house. The jury found for the defendant. The plaintiff excepted to the overruling of his motion for new trial.

It was agreed between the parties that the only issue involved is whether the plaintiff is entitled to recover of the defendant the sum of $78, it being admitted that the finding of the jury for the defendant as to the other sums is conclusive. The evidence showed that the defendant contracted with J. D. Couey to construct a house, under the terms of which contract Couey was to purchase and pay for all materials, employ and pay for all labor, and supervise the construction, for which he was to receive a sum equal to expenditures for labor and material plus ten per cent. of such expenditures. McGinnis contracted with Couey to do all rock, stone, and concrete work on the job for $850. When the plaintiff started work he found that some extra work not originally contemplated had to be done on the foundation, the cost of which was about $150, and when informed of the fact both Couey and the defendant agreed to it. At the end of the first week the defendant paid Couey $250, defendant keeping an account of the amounts expended; and when he asked Couey what the money was for, Couey told him to charge it to the plaintiff's account. Plaintiff was paid $172 of the $250, and the balance was paid by Couey to other laborers who were not working for the plaintiff. The plaintiff contends that the defendant owes him the difference between $250 and $172. The evidence shows, and the plaintiff admits in his brief, that the relationship between the defendant' and Couey was that of owner and contractor, and that the relationship between Couey and the plaintiff was that of contractor and subcontractor. Since this is true, the agreement by the defendant to pay for the extra work, in the presence of Couey and the plain-

tiff, did not have the effect of changing the relationship of the parties, so as to result in a direct contract between the plaintiff and the defendant. The defendant had to agree to the extra work before he would have been bound for it to Couey, and his approval of it was nothing more than a contract with Couey to include it. If it can be said that the contract for the extra work was between the plaintiff on the one hand and Couey and the defendant on the other, the plaintiff could not recover in this suit to which Couey, the other joint obligor, was not a party. Since there was no direct obligation on the part of the defendant to pay, the plaintiff was not entitled to a judgment in personam against the defendant owner. The evidence demanded the verdict for the defendant as to the $78 in dispute. This ruling makes it unnecessary to pass on the other assignments of error on the charges of the court to the jury and the court's failure to give certain requested charges. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*