33514. STEIN STEEL & SUPPLY COMPANY INC. *v.* GOODE CONSTRUCTION COMPANY.

DECIDED MAY 4, 1951.

*Harris, Henson, Spence & Gower,* for plaintiff in error.
*James A. Branch, Thomas B. Branch Jr.,* contra.

FELTON, J. Code § 3-108 provides that, as a general rule, an action on a contract, whether express or implied, shall be brought against the party who made it in person or by agent. In the instant case the defendant did not contract "personally" with plaintiff and, according to plaintiff's allegations, Earthmovers Inc. was a subcontractor and not an agent of defendant. The petition shows that the sale of the material by plaintiff to Earthmovers Inc. was a completed sale, and by virtue of such plaintiff lost all title to, control of and interest in the material sold, and thereby became merely a general creditor of Earthmovers Inc. Before a person can sue another on a contract,

it must appear that there existed privity of contract between the parties, and in the instant case that necessary element of privity did not exist between plaintiff and defendant. See, in this connection: *Meager* v. *Linder Lumber Co.*, 1 *Ga. App.* 426 (57 S. E. 1004); *Dickson* v. *Matthews*, 10 *Ga. App.* 542 (73 S. E. 705); *Wometco Theaters Inc.* v. *United Artists Corp.*, 53 *Ga. App.* 509, 511(1) (186 S. E. 572); *McGinnis* v. *Milhollin*, 64 *Ga. App.* 462 (13 S. E. 2d, 591). Therefore, the petition does not state a cause of action against defendant. Contrary to plaintiff in error's contention, no third party beneficiary contract existed in the instant case. No duty arose on the part of defendant to pay plaintiff for the materials furnished Earthmovers Inc., in the absence of an agreement between defendant and Earthmovers Inc., that defendant would assume generally the debts of Earthmovers Inc., or specifically the debt Earthmovers Inc. owed plaintiff. The plaintiff does not allege an express contract or agreement to such effect, nor does it allege facts sufficient to give rise to an implied contract to such effect under the circumstances of this case. The case of *Colt Company* v. *Hiland*, 35 *Ga. App.* 550 (134 S. E. 142), cited by plaintiff in error, is not analogous to the instant case. There the court held that there was sufficient evidence to show that an actual party to the contract was acting as agent of the defendant.

It is not necessary to consider the exceptions to the sustaining of the special demurrers.

The court did not err in sustaining the general demurrer and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Worrill, J., concur.*