## 42752.   GIFFORD v. JACKSON et al.

ARGUED MAY 1, 1967—DECIDED MAY 23, 1967.

774

*Walter H. Bolling,* for appellant.
*Pittman & Kinney, H. E. Kinney,* for appellees.

JOSLIN, Judge. The question of personal liability of one who makes a contract on behalf of a corporation to be formed has been approached by the courts from one of two perspectives. There two approaches are, (1) the pre-incorporation contract approach, and the other, (2) the agency theory approach. The more logical one, however, is the pre-incorporation contract approach as in this none of the inconsistencies and illogic of the other are present.

The pre-incorporation contract approach considers the one making a contract, on behalf of a corporation to be formed, as bound personally on the contract, in the absence of an agreement to the contrary. 18 AmJur2d 647, 660, 667, Corporations, §§ 106, 119, 127; 18 CJS 521, Corporations, § 119; *Dehco, Inc. v.*

*Greenberg,* 105 Ga. App. 236 (124 SE2d 311); *Wells v. Fay & Egan Co.,* 143 Ga. 732 (85 SE 873); O'Rorke v. Geary, 207 Pa. 240 (56 A 541). No corporation has any existence until formed; therefore, to make a contract "for a corporation to be formed" would be of no legal effect if the persons making it were not bound, and the law will not presume a legal absurdity. See *Hagan v. Asa G. Candler, Inc.,* 189 Ga. 250 (5 SE2d 739, 126 ALR 108). Under the pre-incorporation contract theory of this case then, the person making a contract for a corporation to be formed is personally liable on that contract.

If the agency theory is used, it is held that if a contract is entered into by an agent in the name of a nonexistent principal, the inference is that the agent is bound on it. In such a situation it is assumed that the agent intended that the contract should be binding on him. *Hagan v. Asa G. Candler, Inc.,* supra. Although both approaches come to the same result when applied to this case, the pre-incorporation contract theory is believed to give the better basis for determining the problems raised by the contract for a corporation to be formed.

The last two grounds for demurrer are not sustainable, in that the petition sufficiently alleges a contract for the sale of certain properties to be paid for from designated royalties and that they are now due.

The court did not err in overruling the general demurrer and in refusing to dismiss the petition.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*