45945.   JOHNSON v. SPENCER-ADAMS PAINT COMPANY.

HALL, Presiding Judge. In an action on an open account, the defendant appeals from the judgment and from the denial of his motion for a new trial on the grounds the court erred in refusing to direct a verdict for him in his individual capacity and/or for him and the company in the amount of a satisfied materialman's lien.

Defendant contends the plaintiff dealt with him over a long period as a representative of Capital Industrial Sales & Supply Co. and that plaintiff is now collaterally estopped from attacking the corporate existence. Defendant relies on cases which say that such a name imports a corporation. He also contends that the filing of the materialman's lien in the proper corporate name (Capital Industrial Sales & Service Co., Inc.) as well as the Supply Company name, was evidence that plaintiff had knowledge of the corporate existence. However, defendant's president testified that he did not know he was dealing with a corporation; had never heard of, or dealt with, Service Co., Inc.; and learned of its existence only after sales to defendant were discontinued and when his lawyer, preparing to file the materialman's lien, discovered the proper name and charter in the Fulton County courthouse records. He said that his lawyer advised filing the lien in both the corporate name and that which he contends was defendant's d/b/a name to be fully protected. The evidence showed that defendant was a former employee

who approached plaintiff's president with a proposal to buy paint for use in a new business venture he was starting with another man who was to put up the capital. According to defendant, the confusion in the company's name occurred because his business cards, invoices, etc., were printed incorrectly. The evidence also showed that the corporation had no principal place of business in Fulton County; that its "office" was located in defendant's home in DeKalb; that no buiness records were kept and no tax returns filed; and that toward the end, defendant asked his customers to make checks payable to him personally rather than to the Supply Company.

We cannot say that dealing with a two-man concern using the word "company" in its title shows, as a matter of law, a course of dealing with a purported corporation so as to estop any attack on the corporate existence. The cases cited by defendant do not stand for such a proposition. Further, the name used in the materialman's lien is not conclusive evidence of plaintiff's actual knowledge *during* the course of dealing which the undisputed evidence shows had been discontinued *before* the filing of the lien. The court did not err in presenting this disputed issue to the jury.

Defendant also contends that since the materialman's lien was recorded as "satisfied," plaintiff is estopped to deny that the amount of the lien was paid and therefore defendant was entitled to a directed verdict in this amount. Defendant does not contend, however, that the lien was actually paid, nor is there any evidence of payment. Plaintiff's attorney testified that the lien was withdrawn on his advice for other reasons. Under this evidence, the recordation does not amount to an admission in judicio of payment and the court did not err in refusing to direct a verdict accordingly.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
ARGUED FEBRUARY 3, 1971—DECIDED MAY 3, 1971.

*Katz, Paller & Land, G. Roger Land, Fred L. Cavalli,* for appellant.

*M. H. Blackshear, Jr.,* for appellee.