46113. Q. S. KING COMPANY, INC. et al. v. MINTER.

HALL, Presiding Judge. In a suit on account for labor and materials furnished, as well as a foreclosure of materialman's liens on three pieces of property, the owner and developer appeal from the judgment for the plaintiff subcontractor and from the denial of their motions for new trial and judgment n.o.v.

We shall give only a brief summary of the facts. The owner and developer of the property are separate corporations having the same president, Mr. King. The general contractor (a man named Hay) was also named as a defendant but was never served. The marshal returned a non est inventus. In addition to its answer, the owner also filed a counterclaim based on a note signed by plaintiff's brother (who was his employee), on behalf of plaintiff's company. The amount of the note was the exact total due on two of the three properties under lien and was so designated on the note. A check for this amount was given by the owner to the plaintiff. The canceled check was introduced in evidence along with the note but the jury heard none of the testimony concerning this transaction. The evidence is undisputed that the owner contracted with Hay to build three houses and that Hay in turn subcontracted the electrical work to plaintiff. Neither the owner nor the developer had any dealings with plaintiff until the houses were nearly finished and apparently after Hay had abandoned the job. Then the developer's vice president requested plaintiff's workmen to complete certain details in two of the houses. Shortly after this, plaintiff's brother called upon Mr. King asking to be paid the amounts due on the three houses. The result was the transaction involving the note.

At the close of their evidence, the defendants made motions for directed verdicts on both counts of plaintiff's claim and for the counterclaim based on the note. The court denied all these motions and subsequently denied the motions for judgment n.o.v.

1. The court erred in failing to direct a verdict or grant judgment n.o.v. for defendants. There was no evidence which would authorize a finding that a contractual relationship existed between plaintiff and these defendants. The oral testimony and

documentary evidence all showed that plaintiff had contracted with Hay alone. *See Code Ann.* § 3-108; *McGinnis v. Milhollin,* 64 Ga. App. 462 (13 SE2d 591); *Stein Steel &c. Co. v. Goode Constr. Co.,* 83 Ga. App. 821 (65 SE2d 183).

2. The court erred in failing to direct a verdict or grant judgment n.o.v. that plaintiff was not entitled to a judgment in rem against the land. *Code Ann.* § 67-2002 sets out the necessary steps for making liens effective. One of the prerequisites for enforcing a lien directly against the property is a showing that the contractor has absconded, died, left the state or gone bankrupt (subsection 3). Plaintiff contends that Hay has absconded but he introduced no evidence on this point. He relies exclusively on the marshal's non est inventus. This proves only that the marshal was unable to locate him at a place or places suggested by the plaintiff before he made the return. In the role of process server, a marshal or sheriff is not a missing persons investigator, and his failure to serve someone does not authorize a finding that the person has concealed or absented himself from the jurisdiction with the intent to avoid legal process. See Black's Law Dictionary and 1 CJS 349 for definitions of "abscond" and "absconding debtor."

3. The court also erred in failing to direct a verdict or grant judgment n.o.v. on the counterclaim. The note was signed "Bill Minter for Minter Elect. Co." The court admitted the note into evidence over objection by plaintiff and following testimony by Mr. King explaining the circumstances surrounding its making. His evidence made a prima facie case establishing the signature and the brother's authority. Plaintiff did not offer any evidence whatever as a defense. Therefore, under *Code Ann.* § 109A-3—307 (2), production of the note entitled defendant to recover on it and a directed verdict on the counterclaim was demanded. See also *Newby v. Armour Agr. Chem. Co.,* 119 Ga. App. 650 (168 SE2d 652); *Gate City Furniture Co. v. Rumsey,* 115 Ga. App. 753 (156 SE2d 221).

*Judgment reversed. Eberhardt and Whitman, JJ., concur.*

Argued April 6, 1971—Decided September 8, 1971—
Rehearing denied October 4, 1971.

*Latimer & Haddon, Willïam C. Haddon,* for appellants.
*Ingram, Flournoy & Downey, Lynn Downey,* for appellee.