47091, 47092. PEACHTREE NORTH APARTMENTS COMPANY v. HUFFMAN-WOLFE COMPANY et al. (two cases).
47093, 47094. MORSE v. HUFFMAN-WOLFE COMPANY et al. (two cases).

QUILLIAN, Judge. The question for decision is whether two independent contractors who had completed and turned their work over to the owner would be liable to plaintiff who fell in a parking lot because she stepped in a hole which varied from two to five inches in depth and from two to five feet in length and width.

"It is a well established general rule that, where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even . though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. 65 CJS 613, § 95; *Young v. Smith & Kelly Co.,* 124 Ga. 475 (52 SE 765, 110 ASR 186, 4 AC 226), and citations. There are, of course, well recognized exceptions to this general rule. One such exception is that the contractor is liable where the work is a nuisance per se, or inherently or intrinsically dangerous. Another is that the contractor is liable where the work done and turned over by him is so negligently defective as to be *imminently* dangerous to third persons. 65 CJS 614, § 95; *Higgins v. Otis Elevator Co.,* 69 Ga. App. 584 (26 SE2d 380)." (Emphasis supplied.) *Queen v.*

*Craven,* 95 Ga. App. 178, 183 (97 SE2d 523).

The first exception is applicable only where the work performed is *itself* inherently dangerous. *Community Gas Co. v. Williams,* 87 Ga. App. 68, 78 (73 SE2d 119); *Ridgeway v. Downing Co.,* 109 Ga. 591, 595 (34 SE 1028); *Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138, 140 (97 SE2d 153).

The plaintiff contends that the hole in the parking lot comes within the second exception. However, the evidence shows that at the time the work was completed the surface of the parking lot was level and the depression only developed after automobiles had been driven over that area for some length of time. Therefore, the construction was not imminently dangerous at the time it was turned over by the independent contractors. The granting of the summary judgments in favor of the two independent contractors, appellees here, was not error.

*Judgments affirmed. Hall, P. J., and Pannell, J., concur.*
ARGUED APRIL 10, 1972—DECIDED JUNE 9, 1972—
REHEARING DENIED JULY 6, 1972.

*Neely, Freeman & Hawkins, Paul M. Hawkins, A. Timothy Jones, Long, Weinberg, Ansley & Wheeler, Palmer H. Ansley,* for Peachtree North.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat, Arnall, Golden & Gregory, H. Fred Gober,* for Huffman-Wolfe.

*Huie & Harland, Harry L. Cashin, Jr., Joe G. Davis, Jr.,* for Morse.