48541. CLEMENT PLUMBING & ELECTRICAL COMPANY, INC. v. GOODWIN.

HALL, Presiding Judge. This is an appeal by Clement Plumbing and Electrical Company, Inc., (hereinafter, "Clement") from the decision of the trial court which, sitting without a jury, gave judgment for R. C. Goodwin on a suit by Clement for payment for certain services and materials rendered to Goodwin. Goodwin was sued individually and "d/b/a Goodwin Engineering Co." The major issue on appeal is whether the contracts on which recovery was sought were executed by Goodwin individually or as agent for a corporation, Goodwin Enterprises, Inc. The trial judge found as a fact that both parties intended to contract with each other as corporations, that they did so, and that the resulting debt was not that of Goodwin individually but that of the corporation.

The evidence showed that the contract signature was "Goodwin Engineering Co. By: R. C. Goodwin." Goodwin Engineering Company was a trade name registered in 1968 to R. C. Goodwin for carrying on a consulting engineering business. There was never a corporation named Goodwin Engineering Co. In 1970 Goodwin formed a corporation named Goodwin Enterprises, Inc. That corporation had never registered the trade name Goodwin Engineering Company as its own, and the record did not show that the corporation ever did any business in the trade name. The testimony of the president of Clement, who struck the contract with Goodwin, was that he had not known of the incorporation of Goodwin's business though in the past he and Goodwin had discussed in general the advantages of doing business in the corporate form and concluded that it would probably benefit each of them. Goodwin testified that he was of the opinion that

Clement's president had known of the incorporation. Goodwin estimated that during the year 1971 he and Clement's president had entered into eight or ten contracts, all of which he signed in the trade name.

The conclusion of the trial judge that the parties intended to contract as corporations necessarily rests upon an implied finding of fact, which is that "Goodwin Engineering Co." was a valid trade name of the corporation Goodwin Enterprises, Inc. There is no support in the record for such a finding. Indeed, as set forth above, the evidence shows that the trade name was registered to Goodwin individually and that such registration had never been changed. Being without support in the record the finding of fact is erroneous. The debt must be held to be that of Goodwin, individually, and we reverse so much of the judgment as ruled that the debt was that of the corporation.

The foregoing answers most of the several enumerations of error. The remaining enumeration urges that the trial court erred in finding that there had been an accord and satisfaction by the payment to Clement of $2,000 on a disputed $3,600 claim.

The record contains conflicting testimony on this point, Goodwin testifying to the accord and satisfaction, and the president of Clement testifying that $1,600 was yet due and unpaid. On this conflicting testimony the trial judge was authorized to weigh the testimony and the credibility of the witnesses. Goodwin's testimony is some evidence in the record to support the finding, and it will not be disturbed on appeal. *Spivey v. Mayson,* 124 Ga. App. 775 (186 SE2d 154); *Baker v. State,* 123 Ga. App. 394 (181 SE2d 288). We will affirm so much of the judgment as determined the amount of Clement's recovery.

To the extent to which Goodwin may be thought to ask relief from the contract upon the theory of his material unilateral mistake in executing it (the mistake consisting of assuming that the trade name belonged to the corporation) such relief is not available to him in the absence of fraud or inequitable conduct on the part of Clement which is not alleged here, or other special circumstances, which do not appear (*Jackson v. Brown,* 209 Ga. 78 (70 SE2d 756)); and such relief is decisively unavailable to him if the misunderstanding is the result of his own fault or negligence (*Williams v. Lockhart,* 221 Ga. 343, 344 (144 SE2d 528); *McCullough v. Kirby,* 204 Ga. 738 (51 SE2d 812); *Bailey Co. v. West Lumber Co.,* 1 Ga. App. 398 (4) (58 SE 120)). "If by negligence one voluntarily remains ignorant of a fact materially

affecting his interest and subsequently loses a right or property, he should not expect a court of equity to do that for him which he refused to do for himself." *McCullough v. Kirby,* p. 744. *Roberts v. Maxwell,* 94 Ga. App. 406 (94 SE2d 764), urged by Goodwin, does not conflict with this ruling, as that case involved an allegation of fraud against the party who claimed to have been mistaken.

Goodwin, doing business individually under a trade name and as a corporation, had a duty to inform himself of the legal significance of his various signatures. Any mistake here was his own fault not contributed to by Clement, and he will not be relieved of his contract obligations because of it.

*Judgment reversed in part; affirmed in part. Evans and Clark, JJ., concur.*

Argued September 14, 1973 — Decided November 16, 1973.

*Lipshutz, Macey, Zusmann & Sikes, Bartow Cowden, III,* for appellant.

*Young & McDaniel, Nicholas C. McDaniel,* for appellee.