58654. ROGIN v. DIMENSIONS SOUTH REALTY CORPORATION, INC. et al.

CARLEY, Judge.
Plaintiff-appellant Debra Rogin brought suit against M. Maurice Brown, Dimensions South Realty Corporation

and Realtec Associates d/b/a Realty World. She alleged that she borrowed $5,000 from a local bank which she turned over to Dimensions South Realty Company and that by a written agreement entered into between Maurice Brown and Donald R. Rogin (appellant's husband), both Dimensions South and Brown, as officer and agent of Dimensions South, obligated themselves to make payments of principal and interest due on the promissory note, but failed to do so. She further alleged that Brown had changed the name of Dimensions South Realty Corporation to Realtec Associates and then again to Realtec Associates d/b/a Realty World, and asked that judgment be entered jointly and severally against all defendants. The defendants answered and denied liability on the basis of failure of consideration; they also alleged fraud on the part of Donald R. Rogin, seeking to add him as a party to the action for the purpose of making a cross claim against him for damages. All parties moved for summary judgment. After considering briefs and affidavits the trial court found there was "no genuine issue of fact supporting the claim of Plaintiff" against Dimensions South and Realtec and granted summary judgment as to those defendants, but denied the motion as to Brown, leaving him as the sole defendant. The court further denied plaintiff's motion on the ground that there was an issue of fact as to defendants' allegations of fraud and failure of consideration of the agreement sued on. Plaintiff appeals from the grant of summary judgment to the corporate defendants.

The burden was on the defendants, as movants for summary judgment, to affirmatively negative plaintiff's claim that they were jointly or severally liable to her on the agreement and to show, by evidence demanding such a finding, that she would not be entitled to recover under any theory of the case. *First of Ga. Ins. Co. v. Josey,* 129 Ga. App. 14 (198 SE2d 381) (1973).

The agreement itself recites that it is made between Dimensions South, Donald Rogin and Maurice Brown; that "Rogin does hereby resign as an officer and Director of Dimensions South, does hereby transfer and assign his stock to Dimensions South, and does further quit claim, transfer and release all right, title and interest he may

have in the assets and owner's equity of Dimensions South." It further provides that "Dimensions South and Brown agree to assume and make payments of principal and interest as they become due that certain promissory note from Debra Rogin to the Fayette State Bank in the original principal amount of $5,000 . . . " The fact that no signatory appears for Dimensions South on the agreement does not preclude it from being bound by its provisions as a matter of law. "Assent to the terms of a contract may be given other than by signatures. [Cits.]" *Cochran v. Eason,* 227 Ga. 316, 318 (180 SE2d 702) (1971); *Silvey v. Wynn,* 102 Ga. App. 283 (1) (115 SE2d 774) (1960). Plaintiff's allegations that Realtec is merely the old Dimensions South with a new name are supported by two undated letters. The first, which bore no inside address but was signed by a "principal broker" not a party to this suit, announced to "our customers and friends" that Dimensions South Realty Corp. had "changed our name" to Realtec Associates, Inc., and was "now a member of Realty World, a new kind of international real estate organization." The second letter was personally addressed to Donald Rogin, signed "Maurice," and stated in part: "We've added to our name . . . We've put 'Realty World' in front of our name . . ." Attached to plaintiff's amended complaint was a further exhibit, a receipt showing that a named secretary in the "Fayetteville office" of an unnamed business had received $5,000 from Debra Rogin on January 6, 1978. These letters are sufficient to raise a fact question as to whether Dimensions South merely changed its name to Realtec Associates subsequent to the agreement, or if Realtec is a separate entity which was not in corporate existence at the time the agreement was executed and, therefore, has no liability on the agreement, as asserted by defendants. The affidavit of Brown, president of Realtec, that that corporation "has not been *merged* in or with Dimensions South" does not establish that Realtec is not the corporate successor of Dimensions South in all but name. Cf. *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123, 125 (2) (240 SE2d 603) (1977).

Thus, there is an issue for jury determination as to which, if either, of the named corporate defendants shares potential liability with Crown for repayment of the note

under the agreement.

*Judgment reversed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED JANUARY 14, 1980.

*James E. Sherrill,* for appellant.
*George A. Ohanlon,* for appellees.