59172. WHITLOCK v. PKW SUPPLY COMPANY.

SOGNIER, Judge.

The appellee, PKW Supply (hereafter PKW), entered into an oral contract with appellant, W. H. Whitlock, Jr., for accounting services, including preparation of appellee's corporate income tax forms for the years 1973 through 1977. Whitlock was an employee of W. H. Whitlock Accounting Service, which was owned and operated by his mother. A dispute arose over payment of the fees for accounting services rendered to PKW. W. H. Whitlock Accounting Services refused to file the tax returns for PKW or return them to PKW until its bill was paid. PKW retained another accountant to prepare the tax returns, at a cost of $5,000 and filed a complaint against W. H. Whitlock, Jr. alleging negligence and breach of contract. The jury returned a verdict in favor of PKW for $5,000. We affirm.

1. Appellant contends that the trial court erred by failing to grant his motion for a directed verdict; by entering judgment against him; and by failing to enter a judgment n.o.v. The basis of appellant's objections is that he was at all times an agent for a

disclosed principal, his mother and Whitlock Accounting Service, and therefore could not be personally liable to appellee. The evidence presented at trial indicated that most of appellee's corporate dealings were with appellant rather than his mother, and that no one ever told PKW specifically that W. H. Whitlock was working as an agent for his mother or Whitlock Accounting Service.

" 'Where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it.' " *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300, 302 (145 SE2d 294) (1965); *Clonts v. Associated Distributors,* 132 Ga. App. 558, 559 (208 SE2d 570) (1974); *Fletcher Emerson Management Co. v. Davis,* 134 Ga. App. 699, 700 (215 SE2d 725) (1975). The fact that appellee was aware of the existence of the W. H. Whitlock Accounting Service and Mrs. Whitlock was not sufficient to relieve appellant of personal liability as an agent of a disclosed principal. The use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability. *Brown-Wright Hotel Supply Corp. v. Bagen,* supra, p. 302. Even if the principal here were disclosed, the intention of the parties as to who will be bound where the principal is disclosed is usually a question of fact for a jury. *Kingsberry Homes v. Findley,* 242 Ga. 362, 365 (249 SE2d 51) (1978). Hence, the trial court was correct in submitting this issue to the jury.

2. Appellant contends that the trial court erred in refusing to grant his motion for directed verdict and in failing to enter a judgment n.o.v. where appellant was an agent for a disclosed principal, and as such, could not be liable for nonfeasance. An agent can be held individually liable for his own tortious act whether acting by command of his principal or not. Code Ann. § 4-409. However, in view of our holding in Division 1 it is not necessary to decide whether appellant could be liable to appellee for nonfeasance or misfeasance, since he could be found individually liable for his actions in either contract or tort.

3. Appellant also contends the trial court erred in charging the jury as to the correct measure of damages. The charge was: "[I]f a contracting party abandons completion of his obligations, the measure of damages is ordinarily the reasonable cost of completion." The jury awarded the plaintiff $5,000, which was precisely the cost to appellee of having its corporate taxes prepared by another accountant. The charge as given is correct and adjusted to the evidence. See *Palmer v. Howse,* 133 Ga. App. 619 (212 SE2d 2) (1974); *Ayers Enterprises v. Adams,* 131 Ga. App. 12, 17 (205 SE2d 16) (1974); *Crawford & Associates v. Groves-Keen, Inc.,* 127 Ga. App. 646,

650 (194 SE2d 499) (1972); *Cagle v. Southern Bell Tel. &c. Co.,* 143 Ga. App. 603 (239 SE2d 182) (1977). Appellant contends that error resulted where the jury failed to allow a setoff for $2,050 in dispute. There was ample evidence for the jury to have decided that appellant was not entitled to a setoff against the full cost of completing the contract.

4. Finally, appellant claims the trial court erred in charging the jury under Code Ann. §§ 38-120 and 106-301. In view of our holding in Divisions 1 and 3, any such error was harmless and does not warrant reversal.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 11, 1980 — DECIDED APRIL 23, 1980 — REHEARING DENIED MAY 12, 1980 —

*Adele P. Grubbs,* for appellant.
*Jeffrey B. Talley,* for appellee.