### 60841. COLLINS v. BRAYSON SUPPLY COMPANY.

SOGNIER, Judge.

Brayson Supply Company (Brayson) brought suit against Ray C. Collins, appellant, individually and doing business as Collins and Reece, to recover amounts due on account for materials supplied by Brayson to Collins. Judgment was awarded to Brayson after the trial court, sitting without a jury, found that Collins was an agent for an undisclosed principal (Collins and Reece). On appeal, Collins contends that this finding was error, and it was error for the trial court to hold him individually liable. We affirm.

"In order to avoid personal liability an agent is under a duty to disclose the fact of his agency and the identity of his principal, and one who deals with an agent who fails to disclose his principal may at his election recover from either the agent or the principal. The disclosure of an agency is not complete for the purpose of relieving the agent from personal liability unless it embraces the name of the principal." *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300 (145 SE2d 294) (1965); see also *Roberts v. Burnette,* 72 Ga. App. 775 (35 SE2d 201) (1945).

William C. Rary, Brayson's president, testified that he had had prior business dealings with Collins as early as 1970, but had not heard from him for several years until Collins called him (Rary) in April 1978 and asked if he (Collins) could buy building materials on credit. Insofar as the telephone conversation is concerned, Rary testified: "Well, as I recall, he didn't say anything other than could he get the materials. Now, as the invoices were written up as Collins and Reece, I think he may have brought, or his driver, the person that picked it up, may have brought a piece of paper with Collins and Reece on it. Never mentioned at any time, and there has never been any purchase order or anything, under the name of Collins and Reece Drywall, Incorporated, or Collins and Reece, Incorporated."

Rary's only dealings were with Collins and he was the person Rary sold the materials to. Rary did not know Reece, and did not know there was a corporation named Collins and Reece Drywall, Inc. until after this suit was filed. Although Collins testified that he did not personally purchase anything or agree to pay the bills personally, he did not contend that he advised Rary of the existence of a corporation, or that he was acting as an agent of a corporation. Further, although invoices were made up to "Collins and Reece" or "Collins and Reece Drywall," Rary testified unequivocally that there had never been a purchase from Brayson under those names. Use of such names does not imply notice of incorporation. *Johnson v. Spencer-Adams Paint Co.,* 123 Ga. App. 750 (182 SE2d 324) (1971); Code Ann. § 22-301 (a) (1).

Although two bills were paid with checks drawn on Collins and Reece Drywall, Inc., whether this constituted notice under the circumstances of this case was a question for the trier of fact. On appeal of the judgment of a trial judge sitting without a jury, a judgment will not be disturbed if there is any evidence to sustain it. *McGhee v. Starr,* 154 Ga. App. 450 (268 SE2d 690) (1980); *McDaniel Printing Co. v. Ben Meadows Co.,* 144 Ga. App. 419 (241 SE2d 58) (1977). Applying this standard to the evidence in this case, we find the evidence more than adequate to sustain the judgment. Accordingly, the trial court did not err in its findings of fact and the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 10, 1981.

*Ira L. Rachelson,* for appellant.
*David U. Crosby,* for appellee.