65060. HAWKINS v. TURNER et al.

CARLEY, Judge.

Appellant-Hawkins was the subcontractor hired by the general contractor, Clark & Clark (Clark), to install a sprinkler system in a new store owned by appellee-Turner. Turner and two adjoining store owners brought the instant action against Clark and appellant for damages caused by a water flood, the source of which was the sprinkler system installed by appellant. A more detailed factual background may be found in *Turner v. Clark & Clark,* 158 Ga. App. 79 (279 SE2d 323) (1981), in which this court reversed a grant of summary judgment in favor of Clark. Just before the case came to trial, Clark was voluntarily dismissed, leaving appellant as the sole defendant. The jury returned a verdict in favor of Turner and the other store owners and Hawkins appeals.

1. Appellant contends that any liability for negligence in installing the sprinkler system is the responsibility of Hawkins Heating and Plumbing Company, Inc., a corporation, and not of himself individually. Appellant's motion for summary judgment predicated on this contention was denied on the grounds that material issues of fact remained. Subsequently, partial summary judgment in favor of appellees was granted as to this issue. The trial

court's order provided that the contracting entity with the contractor, Clark, was appellant individually and not the corporation, Hawkins Heating and Plumbing Company, Inc. The trial court also granted appellees' motion in limine prohibiting appellant from introducing evidence at trial concerning the purported liability of the corporation.

The undisputed evidence on motion for summary judgment showed the following: Appellant signed the contract with Clark for installation of the sprinkler system as follows: "Hawkins Plumbing Company, Inc., B. L. Hawkins." However, there is no corporation having the name "Hawkins Plumbing Company, Inc." Appellant formed a corporation in 1967 named "Hawkins Heating and Plumbing Company, Inc." of which he was the major stockholder and president. "Hawkins Plumbing Company, Inc." was never registered as the trade name of "Hawkins Heating and Plumbing Company, Inc."

Appellees contend that since "Hawkins Plumbing Company, Inc." was neither a corporation nor the registered trade name of Hawkins Heating and Plumbing Company, Inc., appellant bound himself individually on the contract with Clark. Appellant contends that he never represented to Clark that he was executing the contract in an individual capacity and insists that he executed the contract as the president of a corporation.

That appellant did not indicate his representative capacity in his signature is not conclusive on the question of his individual liability. See *Bowers v. Salitan,* 97 Ga. App. 877 (104 SE2d 667) (1958); *Cochran v. Grand Theater Co.,* 29 Ga. App. 481 (3) (115 SE 926) (1922); 19 CJS 707-708, Corporations, § 1138a. Compare *Dobbins v. Etowah Mfg. Co.,* 75 Ga. 238 (1886) (corporate charter required particular form of execution). Parol evidence is admissible to show that an individual who failed to indicate his representative capacity nevertheless signed a contract as an officer of a corporation and that it was the intent of the parties to bind the corporation. *Bowers v. Salitan,* supra; *Evans v. Smithdeal,* 143 Ga. App. 287, 289 (1) (238 SE2d 278) (1977). See generally *Dundon v. Forehand,* 152 Ga. App. 749, 751 (263 SE2d 687) (1979).

"An undertaking by an individual in a fictitious or trade name is the obligation of the individual." *Nat. Cash Register v. Sikes,* 94 Ga. App. 391, 392 (94 SE2d 782) (1956). See also *Dehco, Inc. v. Greenberg,* 105 Ga. App. 236 (124 SE2d 311) (1962). Similarly, "if a contract is entered into by an agent in the name of a nonexistent principal, the inference is that the agent is bound on it." *Gifford v. Jackson,* 115 Ga. App. 773, 775 (156 SE2d 105) (1967). However, a mere "*misnomer* of a corporation in a written instrument, or in a law, or in a judicial

proceeding is not material or vital in its consequences, *if the identity of the corporation intended is clear or can be ascertained by proof."* 6 Fletcher, Cyclopedia of the Law of Private Corporations 182-183, § 2444 (Perm. Ed.). (Emphasis supplied.) See also 18 CJS 573, Corporations, § 172. Cf. *Smith v. Hedenberg,* 189 Ga. 678, 680 (2) (7 SE2d 234) (1940); *United Rentals Systems v. Safeco Ins. Co.,* 156 Ga. App. 63, 66 (2) (273 SE2d 868) (1980); *Robinson v. Reward Ceramic Color Mfg.,* 120 Ga. App. 380, 381 (2), 382 (4) (170 SE2d 724) (1969); *South Cobb Builders Supply v. Sou. Concrete Prods. Co.,* 116 Ga. App. 779, 782 (159 SE2d 121) (1967); *Wall v. First State Bk. of Blakely,* 86 Ga. App. 118 (70 SE2d 917) (1952).

"A corporate name usually consists of several words, and an omission ... of one or more is not so likely to confuse and mislead, or to hide the identity of the entity intended, as would be the case as to natural persons. The important thing is to determine what corporation the parties intended, for it is the intent of the parties that controls. Error in the use of the corporate name will not be permitted to frustrate the intent which the name was meant to convey, and to find out the identity of the corporation intended, resort may be had to evidence aliunde." 6 Fletcher 182, § 2444, supra. See generally *Allen v. People's Bank,* 133 Ga. 150 (1) (65 SE 379) (1909); *West v. Fed. Deposit Ins. Corp.,* 149 Ga. App. 342, 347 (254 SE2d 392) (1979), aff'd 244 Ga. 396 (260 SE2d 89) (1979); *Evans v. Smithdeal,* supra, at 290. Cf. *Golden's Foundry & Machine Co. v. Wight,* 35 Ga. App. 85, 86 (3) (132 SE 138) (1925). We hold, therefore, that an agent who executes a contract using a misnomer of a corporation is not *as a matter of law* conducting business either in a fictitious or trade name or in the name of a nonexistent principal. See generally *West v. Fed. Deposit Ins. Co.,* supra at 348.

Whether the contract was executed under any circumstances tending to import Clark's knowledge of appellant's agency for a corporation or of the identity of the corporation are questions of fact. See generally *Whitlock v. PKW Supply Co.,* 154 Ga. App. 573, 574 (269 SE2d 36) (1980); *Brown-Wright Hotel Supply Corp. v. Bagen,* 112 Ga. App. 300, 303 (145 SE2d 294) (1965). Further, appellant's use of the designation "Inc." in signing "Hawkins Plumbing Company, Inc.," raises the inference that Clark knew that the contract execution was that of a corporate entity. See *Williams v. Appliances, Inc.,* 91 Ga. App. 608 (86 SE2d 632) (1955). See generally *Collins v. Brayson Supply Co.,* 157 Ga. App. 438, 439 (278 SE2d 87) (1981); *Stephens v. Bibb Investment Co.,* 54 Ga. App. 321 (187 SE 709) (1936). On motion for summary judgment, all inferences must be construed favorably to appellant as the non-movant. *Tipton v. Harden,* 128 Ga. App. 517, 519 (4) (197 SE2d 746) (1973).

It was the burden of appellees as movants to establish the absence of any issue of material fact. *West v. Fed. Deposit Ins. Co.,* supra, at 348. Appellees failed to carry that burden. It could not be determined as a matter of law that appellant was individually liable on the contract, as this was a question for the jury's determination. See *Collins v. Brayson Supply Co.,* supra; *Rogin v. Dimensions South Realty Corp.,* 153 Ga. App. 75, 77 (264 SE2d 555) (1980); *West,* 149 Ga. App. at 348, supra; *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123, 126 (240 SE2d 603) (1977); *Johnson v. Spencer-Adams Paint Co.,* 123 Ga. App. 750, 751 (182 SE2d 324) (1971); *Laurens Glass Works v. Childs,* 49 Ga. App. 590, 592 (176 SE 665) (1934). Cf. *Dehco, Inc. v. Greenberg,* supra, at 238. The trial court erred in granting summary judgment in favor of appellees on the issue of individual versus corporate liability. The trial court also erred in granting appellees' motion in limine and excluding evidence relevant to the issue of corporate liability.

2. Appellant contends that the trial court erred in excluding testimony regarding a purported mutual agreement between Turner and Clark regarding the obtaining of insurance by Turner. Relying upon *Tuxedo Plumbing &c. Co. v. Lie-Nielsen,* 245 Ga. 27 (262 SE2d 794) (1980), appellant argues that Turner cannot recover from him because his work as a subcontractor was covered by insurance procured by Turner pursuant to an agreement with Clark. See *Turner v. Clark & Clark,* supra. Whether such an agreement between Turner and Clark existed was determined to be a question of fact in our earlier ruling on this case. *Turner v. Clark & Clark,* supra.

The holding in *Tuxedo* was based upon the rule " 'that where *parties* to a business transaction mutually agree that insurance will be provided as a part of the bargain, such agreement must be construed as providing mutual exculpation *to the bargaining parties* who must be deemed to have agreed to look solely to the insurance in the event of loss and not to liability on the part of the opposing party.' " *Tuxedo Plumbing &c. Co. v. Lie-Nielsen,* supra. (Emphasis supplied.) Pretermitting whether Clark and Turner entered into the purported agreement, appellant has tendered no evidence that he was a party to such an agreement. The evidence showed that a contractual relationship existed between Turner and Clark, as owner and contractor, and between Clark and appellant as contractor and subcontractor, but not between Turner and appellant. Without privity of contract between himself and Turner, as a matter of law appellant may not avail himself of the rule of mutual exculpation stated in *Tuxedo.* See *Ponce De Leon Condominiums v. DiGirolamo,* 238 Ga. 188, 192 (232 SE2d 62) (1977); *Robertson v. Laughlin Insulation Co.,* 134 Ga. App. 509, 510-511 (215 SE2d 274) (1975); *Q. S.*

*King Co. v. Minter,* 124 Ga. App. 517 (1) (184 SE2d 594) (1971); *McGinnis v. Milhollin,* 64 Ga. App. 462 (13 SE2d 591) (1941). See generally *Stein Steel &c. Co. v. Goode Constr. Co.,* 83 Ga. App. 821 (65 SE2d 183) (1951). The trial court did not err in excluding evidence of an agreement regarding insurance coverage.

3. Appellant contends that the court erred in denying his motion for directed verdict (made at trial in the form of a motion to dismiss) based upon the acceptance by the general contractor of appellant's completed work prior to the occurrence of the flood.

"[I]t is a well established general rule that, where the work of an independent contractor is completed, turned over to, and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, at least, if the defect is not hidden but readily observable on reasonable inspection. [Cits.]" *Queen v. Craven,* 95 Ga. App. 178, 183-184 (97 SE2d 523) (1957). See 65 CJS 1060-1061, Negligence, § 95. This rule applies as well to the work of a subcontractor, such as appellant, which is turned over to the general contractor upon completion. See generally *Young v. Smith & Kelly Co.,* 124 Ga. 475, 476 (52 SE 765) (1905); *Welding Products of Ga. v. S. D. Mullins Co.,* 127 Ga. App. 474, 476 (193 SE2d 881) (1972); 65 CJS 1068, Negligence, § 96. While the evidence supports appellant's contention that the general contractor, Clark, had accepted the completed sprinkler system some thirty days before the flooding, the evidence also establishes that the defect in the system was hidden and not readily observable on reasonable inspection by the contractor. Therefore, the "general rule" of nonliability upon acceptance will not apply to shield appellant. See *Derryberry v. Robinson,* 154 Ga. App. 694, 696 (269 SE2d 525) (1980). See also *Peachtree North Apts. v. Huffman-Wolfe Co.,* 126 Ga. App. 594 (191 SE2d 485) (1972); *Cox v. Ray M. Lee Co.,* 100 Ga. App. 333, 334 (1) (111 SE2d 246) (1959). The trial court did not err in denying appellant's motion based upon the general contractor's acceptance of appellant's work.

4. Appellant also enumerates as error the trial court's failure to instruct the jury on contributory negligence, a defense raised by appellant in his answer. A pretrial order had provided that such an instruction would be given. However, at trial, the court modified the order and ruled that there was no evidence on which to support a charge on contributory negligence. See generally *Ambler v. Archer,* 230 Ga. 281, 288 (196 SE2d 858) (1973); *Gosnell v. Waldrip,* 158 Ga. App. 685, 686 (2) (282 SE2d 168) (1981).

The evidence at trial showed that Turner moved merchandise into the store within a few days of the scheduled opening without first

obtaining an occupancy permit and without "check[ing] with anyone to see if it was okay . . ." The sprinkler system had been installed, tested, and approved by the fire marshall and accepted by the contractor approximately thirty days earlier. The trial court did not err in refusing to charge on contributory negligence since there was no evidence to authorize a finding that any negligence on Turner's part proximately contributed to his damages. See *Kamman v. Seabolt,* 149 Ga. App. 167, 168 (1) (253 SE2d 842) (1979); *Earl v. Edwards,* 117 Ga. App. 559, 560 (2) (161 SE2d 438) (1968); *Limbert v. Bishop,* 96 Ga. App. 652 (1), 653 (101 SE2d 148) (1957).

5. Appellant next enumerates as error the trial court's refusal to give his requested charge on "acts of God." Appellant's request was predicated on the theory that the separation of pipes and coupling in the sprinkler system resulted from water shock or surge occurring when lightning struck the main pumps in the city water system.

"There is no error in failing to charge a principle which is not applicable to the evidence adduced on the trial of the case. [Cit.]" *Steiner v. Melvin,* 143 Ga. App. 97, 99 (3) (237 SE2d 635) (1977). Upon review of the transcript we find insufficient evidence to authorize a charge on "acts of God." The trial court did not err in refusing to give the requested charge. See *Sampson v. Gen. Elec. Supply Corp.,* 78 Ga. App. 2, 7 (3) (50 SE2d 169) (1948); *City of Cuthbert v. Gunn,* 21 Ga. App. 442, 443 (3) (94 SE 637) (1917). See generally *Jackson v. Co-op Cab Co.,* 102 Ga. App. 688, 691 (1b) (117 SE2d 627) (1960); *Central Ga. Elec. Membership Corp. v. Heath,* 60 Ga. App. 649 (4 SE2d 700) (1930).

6. Remaining enumerations of error are either moot or are not likely to recur at the retrial.

*Judgment reversed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED MARCH 16, 1983 —
REHEARING DENIED MARCH 29, 1983.

*William S. Hardman,* for appellant.
*Harmon T. Smith, Jr., Jefferson W. Willis,* for appellees.

ON MOTION FOR REHEARING.

In its motion for rehearing, appellees contend that the court overlooked and failed to apply the case of *Clement Plumbing & Elec. Co. v. Goodwin,* 130 Ga. App. 245 (202 SE2d 684) (1973). *Clement* is clearly distinguishable from the present case. Unlike *Clement,* the record in this case does not show that "Hawkins Plumbing Company, Inc." was the registered trade name of B. L. Hawkins as an individual.

Moreover: "[t]he designation ['Hawkins Plumbing Company, Inc.'] connotes a corporate entity." *Williams v. Appliances, Inc.*, 91 Ga. App. 608 (3) (86 SE2d 632) (1955). See also *Minchew v. Nahunta Lumber Co.*, 5 Ga. App. 154 (62 SE 716) (1908).

*Motion for rehearing denied.*